## SANDY WHITE *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ALABAMA.

No. 375. Submitted October 19, 1896. — Decided November 9, 1896.

The record showed an indictment, arraignment, plea, trial, conviction and the following recital: " This cause coming on to be heard upon the motion in arrest of judgment, and after being argued by counsel *pro* and *con*, and duly considered by the court, it is ordered that the said motion be, and the same is hereby denied. The defendant, Sandy White, having been convicted on a former day of this term, and he being now present in open court and being asked if he had anything further to say why the judgment of the court should not be pronounced upon him sayeth nothing, it is thereupon ordered by the court that the said defendant, Sandy White, be imprisoned in Kings county penitentiary, at Brooklyn, New York, for the period of one year and one day, and pay the costs of this prosecution, for which let execution issue." *Held,* that this was a sufficient judgment for all purposes.

Entries made by a jailor of a public jail in Alabama, in a record book kept for that purpose, of the dates of the receiving and discharging of prisoners confined therein, made by him in the discharge of his public duty as such officer, are admissible in evidence in a criminal prosecution in the Federal courts, although no statute of the State requires them.

When a jury has been properly instructed in regard to the law on any given subject, the court is not bound to grant the request of counsel to charge again in the language prepared by counsel, or if the request be given

before the charge is made, the court is not bound to use the language of counsel, but may use its own language so long as the correct rule upon the subject requested be given.

THE case is stated in the opinion.

*Mr. J. A. W. Smith* for plaintiff in error.

*Mr. Assistant Attorney General Whitney* for defendants in error.

MR. JUSTICE PECKHAM delivered the opinion of the court.

The plaintiff in error was indicted in the District Court of the United States for the Southern Division of the Northern District of Alabama for presenting false, fictitious and fraudulent claims against the United States to one A. R. Nininger, a marshal of the United States for the Northern District of that State, for the purpose of obtaining payment of the fees of certain witnesses alleged to have been brought before a United States commissioner for that district, when in truth the witnesses had not attended, and the fees had not been paid. The defendant pleaded not guilty, and upon trial was found guilty as charged in the indictment. The defendant was sentenced to be imprisoned in the Kings county penitentiary, at Brooklyn, New York, for the period of one year and one day, and to pay the costs of the prosecution. He sued out a writ of error from this court, and now assigns three grounds for a reversal of the conviction. First, That there was no judgment upon which the defendant could be properly sentenced; second, the trial court erred in receiving in evidence entries made in a book kept by the jailor, James Morrow; third, the trial court erred in refusing to charge, as requested, in regard to the effect to be given to evidence of good character.

In regard to the first objection, we think it not well founded. The objection seems to be that there is no statement in the sentence showing what the offence is of which the defendant is convicted, and also that the record shows no *judgment* because the language used amounted only to a recital by the clerk as to what the court did, and not to a judgment pro-

nounced by the court as the judgment of the law. The record shows an indictment, arraignment, plea, trial, conviction and the following recital:

"This cause coming on to be heard upon the motion in arrest of judgment, and after being argued by counsel *pro* and *con*, and duly considered by the court, it is ordered that the said motion·be, and the same is hereby denied."

"The defendant, Sandy White, having been convicted on a former day of this term, and he being now present in open court and being asked if he had anything further to say why the judgment of the court should not be pronounced upon him sayeth nothing, it is thereupon ordered by the court that the said defendant, Sandy White, be imprisoned in Kings County penitentiary, at Brooklyn, New York, for the period of one year and one day, and pay the costs of this prosecution, for which let execution issue."

This we think was a sufficient judgment for all purposes. The record fully and plainly shows what the offence is, of which the defendant was convicted, and the language used shows that the sentence was the judgment of the court, and of the law, pronounced upon the defendant on account of the conviction upon the indictment. *Pointer* v. *United States*, 151 U. S. 396, 417.

Second. The second alleged error consists in receiving in evidence upon the trial of the case the entries in a book kept by a witness who was the jailor of one of the jails in Alabama. Upon the trial it became necessary to show that one L. W. Andrews, admitted to be a colored man, was neither examined as a witness on the 6th of December, 1892, in Jefferson County, Alabama, before one William H. Hunter, Circuit Court commissioner, nor was he there present on that day. Witnesses who were there and examined on that occasion testified on this trial that Andrews was not examined and was not present before the commissioner on the day mentioned. The government then produced one James Morrow as a witness, who, being sworn, testified that he was jailor of Jefferson County, Alabama, and that he had brought with him a book of dates of receiving in and discharging prisoners from the county jail

of that county.  He further testified that according to the entries in the book, L. W. Andrews, colored, was placed in jail under a commitment of W. H. Hunter, United States commissioner, on the 28th day of November, 1892, and that he was in that jail on the 6th day of December, 1892, but that, independently of the record, witness had no distinct recollection of Andrews being in jail on that day.  The witness further stated that the book was a book kept by him as jailor, and the entries therein as to said Andrews were made by him in his own handwriting, and that the book was kept by him because, as jailor, he was required to keep such a jail book.  The defendant objected to the introduction in evidence of the book or the entries therein, on the ground that there was no law in Alabama requiring such a record to be kept, and it could only be used as a private memorandum to refresh the recollection of the witness.  The court overruled the objection, and the defendant duly excepted.  The witness then was allowed to and did read to the jury the entries in the book showing that Andrews was in jail on the 6th of December, 1892, and the defendant duly excepted to the ruling of the court allowing such entries to be read.

We think no error was committed by the trial court in thus ruling.  It was not necessary that a statute of Alabama should provide for the keeping of such a book.  A jailor of a county jail is a public officer, and the book kept by him was one kept by him in his capacity as such officer and because he was required so to do.  Whether such duty was enjoined upon him by statute or by his superior officer in the performance of his official duty, is not material.  So long as he was discharging his public and official duty in keeping the book, it was sufficient.  The nature of the office would seem to require it.  In that case the entries are competent evidence. 1 Greenl. Ev. §§ 483, 484.

It is obvious that the nature of the office of jailor requires not only the actual safekeeping of the prisoners committed to his charge, but that in order to the proper discharge of those duties some list should be kept by him or under his supervision showing the names of those received and discharged,

together with the dates of such reception and discharge. If there were a clerk whose duty it was to keep such a book instead of the jailor, then the entries so made by that clerk would be evidence in and of themselves. But the jailor, who was a witness, testified that it was his duty to himself to keep such book, and the entries were, therefore, within the rule in regard to official entries. The sections of the Criminal Code of Alabama cited below show the necessity for the keeping of such a book by the jailor. (Secs. 4537, 4538, 4539, 4555.) In speaking of entries in books which are evidence in and of themselves, Greenleaf, in section 484 (*supra*), mentions many kinds of such entries, and among them he includes prison registers, and cites the cases of *Rex* v. *Aickles*, 1 Leach's Cr. Cas. 4th ed. 438, and *Salte* v. *Thomas*, 3 B. & P. 188, as authority. Those cases hold that the prison books are evidence to prove the period of the commitment and discharge of a prisoner, although the second case holds that the cause of the commitment cannot be thus shown as the commitment itself is the best evidence of the cause. The same principle as to the admissibility of entries made by an official is held in *Evanston* v. *Gunn*, 99 U. S. 660, 665.

The ruling of the trial court was, therefore, correct.

As to the third ground, it appears by the record that the defendant offered to prove his good character for the last twenty years, whereupon the district attorney admitted his good character. All the evidence being in, the defendant prayed the court to charge the jury as follows: "The evidence of good character, when established by the evidence in a case, taken in connection with all the other evidence, may generate a reasonable doubt of the guilt of the defendants." The court refused to give this charge and the defendant excepted. The court in his oral charge said to the jury: "It is admitted in this case that the defendants are men of good character, the law presuming every defendant to have a good character, and the jury may consider such good character and give it such weight as they see proper, under all the evidence in the case that defendant is entitled to a reasonable doubt." Assuming that the request stated the proper rule in regard to

evidence of good character, we are of opinion that the charge as given to the jury by the trial court amounted in substance to the charge as requested.

When a jury has been properly instructed in regard to the law on any given subject, the court is not bound to grant the request of counsel to charge again in the language prepared by counsel, or if the request be given before the charge is made, the court is not bound to use the language of counsel, but may use its own language so long as the correct rule upon the subject requested be given. When the court told the jury it was admitted that the defendant was a man of good character, and that the jury might consider such good character and give such weight to it as they saw proper under all the evidence in the case, and that the defendant was entitled to a reasonable doubt, it was sufficient, although the court unnecessarily added that the law presumed every defendant to have a good character. The charge gave the jury the right to give weight enough to the evidence to generate a reasonable doubt of the guilt of the defendant, and a substantial compliance with the request was made, although not in the very words thereof.

The record reveals no error, and the judgment must be

*Affirmed.*