FRED B. GOODRICH *vs.* ALBERT A. SENATE, and others.

Androscoggin.     Opinion December 9, 1898.

*Poor Debtor.   Bond.   Sheriff.   Record.   R. S., c. 80, § 33; c. 113, § 40.*

Revised Statutes, c. 80, § 33, imposes upon a sheriff the duty to keep " a true and exact calendar containing, distinctly and fairly registered, the names of all prisoners committed to the jail under his charge." Such calendar is prima facie evidence of the facts contained therein which the law requires to be entered. But evidence is admissible to show the entries to be erroneous.

A poor debtor, enlarged from arrest upon giving the six months bond, as provided by statute, who seeks to save forfeiture of his bond by surrendering himself into jail, can only do so by actually surrendering himself into the custody of the jailer and being received by him into actual custody.

Notwithstanding the sheriff's calendar may contain an entry of such surrender, the creditor in a suit upon the bond, may be allowed to prove that the entry is erroneous, and that the debtor did not, within the time limited in the bond, in fact surrender himself into custody and was not so received by the jailer.

In this case the presiding justice found, from the evidence introduced, that the debtor in this case " did not actually deliver himself into the custody of the keeper of the jail," within the six months. and ordered judgment for the plaintiff.

*Held;* that this finding was fully sustained by the evidence, and the order of judgment for plaintiff, in accordance with § 40 of chap. 113, R. S., was correct.

ON EXCEPTIONS BY DEFENDANTS.

This was an action of debt on poor debtor's six months bond. The bond is dated December twenty-first, A. D. 1896.

The six months named therein expired at midnight June twenty-first, A. D. 1897. The execution of said bond was admitted.

The defense was performance of one of the conditions of said bond, i. e., the surrender of the debtor into the custody of the keeper of the jail to which he was liable to be committed within the six months named therein, to wit, on June twenty-first, A. D. 1897; and the defendants offered the records of the keeper of the jail to prove said surrender.

The following is a copy of said record:

| Names. | Place of abode. | When committed. |
|---|---|---|
| A. A. Senate. | Auburn. | Dec. 21st., 1896. |

| Sentence. | By what authority. |
|---|---|
| Safe keeping. | Execution from Municipal Court, Lewiston. Geo. E. Huskins, officer. |

| What cause. | When discharged. |
|---|---|
| Debt. | Dec. 21st, 1896. Gave six months bond and discharged. On June 21st, 1897, said A. A. Senate delivered himself up in satisfaction of said six months bond and was received into my custody. |

Benjamin J. Hill, Sheriff.

Said Benjamin J. Hill was the keeper of the jail at the time of the alleged surrender.

The plaintiff offered testimony to contradict and vary said record, to the admission of which testimony the defendant seasonably objected, claiming that the record was conclusive of the fact stated therein.

The presiding justice notwithstanding said objection admitted the testimony of Benjamin J. Hill, keeper of said jail, and also the testimony of the defendant A. A. Senate; and upon said testimony and upon all the evidence in the case, the presiding justice found, as a matter of fact, that the said Senate did not actually deliver himself into the custody of the keeper of said jail before the expiration of the six months named in his said bond, and was not received, within said time, into the actual custody of the keeper of said jail, either in his dwelling-house or in said jail.

To the admission of said testimony the defendants excepted.

The writ is dated June 24th, 1897, and was entered at the July term, A. D. 1897, of the Lewiston Municipal Court and cause appealed to this court. Ad damnum $50.

The presiding justice ordered judgment in this court for plaintiff in accordance with section 40, chap. 113, R. S.

*D. J. McGillicuddy and F. A. Morey*, for plaintiff.

*J. A. Pulsifer*, for defendants.

SITTING: PETERS, C. J., EMERY, HASKELL, STROUT, SAVAGE, JJ.

STROUT, J.   Action upon a poor debtor's six months bond given by the debtor Senate.   Defense, performance of one of the conditions of the bond by surrender to jail within the six months.

Revised Statutes, c. 80, § 33, imposes upon a sheriff the duty to keep "a true and exact calendar containing, distinctly and fairly registered, the names of all prisoners committed to the jail under his charge."   In this case the sheriff's calendar contained the entry: "On June 21st, 1897, said A. A. Senate delivered himself up in satisfaction of said six months bond and was received into my custody."   This entry was signed by the sheriff.   A former entry showed that Senate had been committed on December 21st, 1896, and was released on giving the six months statute bond. Evidence was allowed to be introduced to contradict the entry upon the calendar, and to show that in fact Senate did not surrender himself into the custody of the sheriff or jailer, and was not in fact received into custody on the 21st day of June.   The six months limited in the bond expired at midnight of June 21st. Exception is taken to the admission of this testimony.   It is claimed by the defendants that the entry upon the calendar is an official record, which cannot be contradicted or varied by parol evidence, and is conclusive upon these parties, and that if in fact untrue, the only remedy is by suit against the sheriff.

Records of judicial tribunals, as to parties affected, are conclusive as to all matters contained therein, of which the law requires a record.   If erreonous, they may be corrected by the court, or the proper officer under its order, but until so amended they are treated as verities, and cannot be contradicted or varied by parol testimony.   *Willard* v. *Whitney*, 49 Maine, 235.

But there is another class of entries, sometimes called records, which are of a public nature, and required by law to be kept by various non-judicial officers, which are of a less solemn character, and are not accorded the conclusiveness attaching to judgments of courts of record.   They are competent evidence of the facts

recorded, and required by law to be recorded, but not conclusive. To this class belong the records of births and marriages kept by clerks of towns. *Sumner* v. *Sebec*, 3 Maine, 223; the record kept by a person employed in the signal service of the United States, whose public duty it is to record truly the facts therein stated; *Evanston* v. *Gunn*, 99 U. S. 660; calendar of prisoners kept by a jailer; *Sandy White* v. *United States*, 164 U. S. 104; Greenleaf on Evidence, Vol. 1, § 484; and many others of like character. They are all prima facie evidence of the facts stated, of which the law required a record, but only that. *Lewis* v. *Marshall*, 5 Peters, 476; *Commonwealth* v. *Chase*, 6 Cush. 248.

The calendar kept by the sheriff in this case, though required by law, was in the nature of memoranda or history of current events in the jail, but did not rise to the dignity of a judicial record. It was prima facie evidence of the facts recited, but may be overcome by evidence which shows it to be erroneous. Such evidence was properly admitted.

Upon the evidence introduced the presiding justice found as a fact, that Senate, the principal in the bond "did not actually deliver himself into the custody of the keeper of said jail before the expiration of the six months named in his bond." This finding is fully sustained by the evidence. Senate testified that on the 21st day of June, the last day of the six months, he went to the sheriff's office for the purpose of delivering himself up; that he did not see the sheriff, but did see his wife, who had no authority in the matter, and that she told him to call again; that he asked her to "notify the major [the sheriff] that Senate had come to deliver himself up"; that he went up again that night and was told to come in the morning.

Nothing more was done within the six months. He did not in fact deliver himself to the sheriff, or any deputy of his, and was not received into custody. Clearly the condition in the bond was not performed on that day. *Jones* v. *Emerson*, 71 Maine, 405.

Judgment for the plaintiff was properly ordered.

*Exceptions overruled.*