# REPORTS OF CASES

ADJUDGED IN

# THE COURT OF APPEALS

OF THE

# DISTRICT OF COLUMBIA.

## SECHRIST v. ATKINSON.[*]

WITNESSES; EVIDENCE, WRITTEN MEMORANDA AS; BROKERS; CHARGE TO
JURY.

1. When the plaintiff, testifying as a witness in his own behalf, has a distinct recollection of the circumstances surrounding the transaction in question, it is error to admit in evidence written memoranda of the facts, made by him at the time. (Following *Gurley* v. *MacLennan*, 17 App. D. C. 170.)

2. Although an owner of property may, after authorizing a sale by a broker, contract with a purchaser procured by himself alone, without rendering himself liable to the broker for a commission, he is not relieved of such obligation if he sells to a purchaser found and stimulated to the purchase by the efforts of the broker, even though he has no actual knowledge that the broker has been the procuring cause, provided the broker has not in the meantime abandoned the undertaking. (Following *Bryan* v. *Abert*, 3 App. D. C. 180.)

---

[*]*Brokers.*—The question as to when real-estate broker is considered as the procuring cause of the sale or exchange effected is treated in a note to *Hoadley* v. *Savings Bank of Danbury*, 44 L.R.A. 321.

As to broker's right to commissions when sale is made by owner, in ignorance of former's instrumentality in procuring purchaser, see note to *Quist* v. *Goodfellow*, 8 L.R.A. (N.S.) 153.

Vol. XXXI.—1.

3. In an action by a broker to recover his commission, where the broker testifies that the defendant, the owner, after authorizing him to sell the property at a certain price, in a later interview fixed a greater net price, it is error for the court to charge the jury that, according to defendant's contention, the plaintiff would not be entitled to a verdict unless he had found a purchaser willing to pay such larger net price.

No. 1810.　Submitted February 13, 1908.　Decided March 16, 1908.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action by a broker to recover commissions.　*Reversed.*

The COURT in the opinion stated the facts as follows:

This action was begun in the justice's court by Joseph R. Atkinson, a real-estate broker, to recover the sum of $240 claimed as commission on a sale of certain premises made by him for the defendant. On appeal from a judgment for plaintiff in that court, judgment was rendered for plaintiff for said sum in the supreme court of the District.

The bill of exceptions shows that the plaintiff testified to the effect that he was a real-estate broker, and called on defendant August 31, 1905, in response to a letter from her regarding the sale of property. That defendant told him she wished to sell her dwelling house and would accept $6,000 therefor, and authorized him to sell the same for that sum. That he then and there made a pencil memorandum on the back of the letter. This memorandum was then offered in evidence, and admitted over the objection of the defendant, whose exception was noted. The memorandum is as follows: "1227 11 St. N. W.- 10R- b- 2 story and basement, Lot x, Frame Stable, Rent $45, Price $7,000, Stoves 4, Trust $4,000, 5%, Mrs. Lennan North, Mr. Bache, South." His testimony further tended to show that he procured an offer from Bache, who lived in the adjoining house, of $7,000, and entered into a contract for the sale at said price, with a deposit of $50. That he reported the sale to defendant, who refused to accept the price, and demanded

more. That, on September 12, 1905, he informed her that he had an offer of $7,500. The next day he received a letter from defendant saying she had been offered $7,800 cash, but wanted $8,000. That he endeavored to induce Bache to offer $8,000, but was unable to do so; and she told him she would have to have $8,000 net. Bache then demanded return of his deposit, which was made. Subsequently defendant sold to Bache for $8,000 and conveyed the property.

Defendant testified to the effect that she wrote plaintiff in August to call, and told him to receive offers and submit the same to her, and she would let him know if she would accept. That she declined the offer of $7,000 when submitted to her. That she wrote plaintiff September 13, 1905, that she had an offer of $7,800, but wanted $8,000, adding that he might call if he thought necessary, also thanking him for his trouble. That she had known Bache for fourteen years. He lived next door, and she had, about one year before, talked with him about selling to him. That, when plaintiff reported the offer of $7,-000, he declined to disclose the name of the proposed purchaser. That defendant reported he could not get more than $7,500, and she insisted on $8,000. Later, she put the matter into the hands of her attorney, who sold to Bache for $8,000. Bache testified that, about September, 1904, defendant had told him she wanted to sell, and, in reply to his inquiry of value, she said the property was worth $10,000. To this he made no answer. That, after contracting with plaintiff for $7,000, and defendant's refusal to accept, he demanded his $50 deposit, as he refused to pay $8,000. Later he heard that defendant's attorney had the property in charge, and, after negotiations, agreed to pay $8,000. The attorney testified that he undertook the sale in October, 1905, knowing nothing of plaintiff's negotiations with Bache, to whom, after about two weeks, he effected the sale for $8,000. He charged no commission.

The court charged the jury that, if they believed from the evidence that defendant had authorized the plaintiff to sell the property for $6,000, and the plaintiff had secured a purchaser in the person of Bache who had agreed and was willing to pay

$7,500 for the property, the plaintiff had earned his commission upon that amount and would be entitled to recover the same; and, further, that, if they believed from the evidence that defendant had simply authorized plaintiff to secure a purchaser of the property without fixing any price thereon, and the plaintiff had secured a purchaser at a price which she accepted and sold for, that defendant had performed his contract and earned his commissions thereon. Further, the court charged the jury that, according to defendant's contention, the plaintiff would not be entitled to a verdict unless he had found a purchaser willing to pay $8,000 net for said property; and that the burden of proof was on the plaintiff.

Defendant excepted to the first of these instructions on the ground that there was no testimony upon which to found such a contract; and to the second, because that there was no evidence that the defendant had ever insisted upon receiving $8,000 net for the property.

*Mr. Hayden Johnson* and *Mr. W. W. Boarman* for the appellant.

*Mr. James B. Archer, Jr.,* and *Mr. John Lewis Smith* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

We are of the opinion that it was error to admit in evidence the memorandum claimed to have been made by the plaintiff at the time of his first interview with the defendant. A memorandum of the kind may be referred to by a witness to refresh his memory where he has no distinct, independent recollection of the facts recorded, or the date of the occurrence. Whether, under the conditions stated, the memorandum so made by one party may be introduced in evidence on his behalf, presents a question concerning which there is a decided conflict of authority. This question is an open one in the Supreme Court of

the United States. *Bates* v. *Preble*, 151 U. S. 149, 157, 38 L. ed. 106, 110, 14 Sup. Ct. Rep. 277. The facts disclosed by the record do not require its determination in the present case. It appears from the bill of exceptions that the plaintiff had a distinct recollection of the facts, and that he neither used, nor needed, the memorandum to refresh his memory. Its introduction could, therefore, serve no other purpose than to corroborate his evidence. Under these conditions, it was clearly inadmissible. *Gurley* v. *MacLennan,* 17 App. D. C. 170, 180; *Vicksburg & M. R. Co.* v. *O'Brien,* 119 U. S. 99, 102, 30 L. ed. 299, 300, 7 Sup. Ct. Rep. 118.

The first paragraph of the charge that was excepted to correctly stated the principle of law applicable to the case as presented by the testimony on behalf of the plaintiff. *Bryan* v. *Abert,* 3 App. D. C. 180, 187. Notwithstanding an owner may, after authorizing a sale by an agent, contract with a purchaser procured by herself alone, without coming under an obligation to her agent for a commission, she cannot be relieved of the obligation by effecting a sale to a purchaser found and stimulated to the purchase by the efforts of the agent, even though she may have had no actual knowledge that the agent was the procuring cause, provided that the agent had not, in the meantime, abandoned the undertaking. *Bryan* v. *Abert,* 3 App. D. C. 180, 186, 188.

There was a slight error in the second part of the charge in stating that, "according to defendant's contention, the plaintiff would not be entitled to a verdict unless he had found a purchaser willing to pay $8,000 net for said property." The testimony that this net price was fixed by defendant at a later interview with the plaintiff was given by him, and not by the defendant. Considering all of the evidence in the case, it is probable, however, that this inadvertent statement had no effect upon the jury.

For the error pointed out, the judgment will be reversed with costs, and the cause remanded for another trial.

*Reversed.*