## THE PEOPLE *v.* CAMPOS.

## APPEAL from the District Court of San Juan, Section 2.

### No. 393.—Decided December 20, 1911.

CRIMINAL LAW—VIOLATION OF INTERNAL-REVENUE LAWS—ADMINISTRATIVE FINE—POWERS OF TREASURER.—In accordance with section 23 of the Act of March 9, 1905, the Treasurer has alternative power to impose an administrative fine or to file a criminal complaint against persons who violate the internal-revenue laws. If he elects the former procedure he must notify the accused of the imposition of said fine, and allow him a reasonable period, which in some cases may be, for hours only, in which to pay or not to pay such fine, and only in case that he does not pay can the Treasurer file a criminal complaint against the offender.

ID.—INSUFFICIENCY OF SENTENCE—OMISSION OF OFFENSE FOR WHICH SENTENCED.—A sentence rendered in a crimianl case is sufficient if the offense for which the defendant has really been convicted appears from an examination of said sentence or from any other part of the record, but in the case at bar the sentence is insufficient, because the defendant is found guilty of an offense against the internal-revenue laws without its being specified.

ID.—REQUISITES OF COMPLAINT—INSUFFICIENCY OF COMPLAINT.—A complaint charging a violation of the internal-revenue laws on the ground that rum, beer and wine were kept in an establishment and offered for sale to the public without proper license is insufficient unless it states that sales were really made and the class of license that the defendant should have, whether as a wholesale or a retail merchant.

The facts are stated in the opinion.

*Mr. Adrián Agosto* for appellant.

*Mr. Charles E. Foote,* solicitor, for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The judgment from which this appeal is taken, dated August 17, 1911, finds that the law and the facts are against the defendant and declares him guilty of the crime of violating the internal-revenue law and sentences him to $100 fine or 30 days in jail and the costs. Of which particular violation of the revenue law the defendant is guilty the judgment is silent and makes no reference to the complaint on which the prosecution was presumably founded. The complaint itself charges the defendant with a violation of the revenue laws, committed by having in his establishment and offering for sale rum, beer and wine without being provided

with the corresponding license, violating section 88 of said law. The complaint does not show whether the defendant was a wholesale dealer or a retail dealer, and does not set up that he had actually sold any of the articles of the kind he was alleged to be offering for sale. At the trial it transpired that the Treasrer of Porto Rico, acting under the authority given him by section 23 of the Law of March 9, 1905, (Laws of 1905, p. 173) had on or about March 30, 1911, imposed an administrative fine on defendant of $6.50 of which fine the defendant was not notified or advised until after the filing of the complaint on April 6, 1911. The defendant had just purchased the store from another man who did have a current license. The said section 23 reads as follows:

"Section 23. The Treasurer of Porto Rico shall issue such regulations, not in conflict with this act, as may be necessary to carry into effect the provisions thereof, and may fine administratively and collect from every person failing to observe any such regulations or violating any provision of this act a sum not to exceed ten dollars for each such offense, or, at his discretion, may charge such person before the proper court with committing breach of regulations or a violation of the law. Every person so charged before the court with committing violations of this act shall upon conviction thereof be fined or imprisoned, or both, as in this act specifically provided. Where a fine, as above provided, has been imposed by the Treasurer and payment has not been made, the Treasurer may institute proceedings in the proper court for the violation of regulations or provisions of this act for which the fine was imposed and upon conviction thereof the person so violating the regulations or provisions of this act shall be fined or imprisoned, or both, as in this section provided, the same as if no fine had been imposed and the proceedings before the proper court had at the outset been instituted."

Under this section, to the Treasurer is confided the responsibility of fixing an administrative fine or at his discretion of bringing a charge before the proper court. He has an alternative. If he chooses the administrative way and the defendant does not pay, the Treasurer may still proceed as if such administrative fine had never been imposed.

In the case at bar he chose the administrative way. When he does so choose it stands to reason that the defendant must be given some reasonable opportunity to pay his fine.

We think the statute in using the words, "and payment has not been made" as above, necessarily involves some element of knowledge or notice brought home to the defendant of the imposition of the fine. The reasonable opportunity in some cases might be a few hours, but where a defendant is ignorant of this fine he has no opportunity to pay.

The Treasurer having elected to impose an administrative fine it was necessary for the prosecution to show a failure to pay and such failure could only arise when an opportunity for such payment first existed. After an administrative fine the right to prosecute is dependent upon the failure to pay, or, stated conversely, the failure to pay is a condition precedent to the right to prosecute.

It was suggested at the hearing that when the Treasurer had imposed a fine administratively he might change his mind and decide to proceed criminally in the first instance. We find no such authority in the law; but in the case at bar the evidence pointed to the fact that the prosecution was brought on account of the failure to pay, the revenue agent who made the complaint testifying to the custom of notifying a delinquent and making a demand. Moreover, this complaint was not brought by the Treasurer, but by a revenue agent. Consequently, it cannot be said that the Treasurer had changed his mind when there is no indication or presumption that he directed this prosecution.

We do not find that the judgment was sufficient. A criminal judgment is good if the crime for which the defendant is actually convicted appears by reference from the judgment itself or some other part of the record. (*Pointer* v. *United States,* 151 U. S., 396–417; *White* v. *United States,* 164 U. S., 102.) The judgment may also be identified by a reference to the verdict or any other order of the court which took place

after the conviction. The judgment, however, must show by reference or otherwise the nature of the crime. (12 Cyc., 786; *People* v. *Douglass,* 87 Cal., 281.) The judgment in this case refers to no antecedent matter and convicts the defendant of a crime against the revenue laws without specifying which one.

While we have generally held that a complaint does not need the particularity of information, yet we think it should contain elements sufficient to apprise the defendant of the nature of the charge against him. (*People* v. *Torrellas,* 10 P. R. R., 519.) This complaint does not charge the defendant with having actually sold without a license nor does it show the kind of license that was required, whether wholesale or retail. We think the complaint was insufficient.

For these reasons the judgment must be reversed.

*Reversed.*

Chief Justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.