THE PEOPLE *v.* CAMPOS.

APPEAL from the District Court of San Juan, Section 2.

No. 392.—Decided December 21, 1911.

CRIMINAL LAW—VIOLATION OF INTERNAL-REVENUE LAWS—INSUFFICIENCY OF COMPLAINT.—A complaint for the violation of the internal-revenue laws wherein it is not stated whether the defendant was a wholesale or a retail merchant, nor that he made sales without the proper license, is insufficient, for although a complaint need not contain all the requisites of an information it must be sufficiently explicit to inform the defendant of the offense with which he is charged.

ID.—INSUFFICIENCY OF SENTENCE—STATEMENT OF OFFENSE.—A judgment of conviction for violation of the internal-revenue laws, which states neither the specific provision of said laws which has been violated nor the offense for which the defendant is convicted, is insufficient.

ID.—ADMINISTRATIVE FINE—POWERS OF TREASURER.—After having imposed an administrative fine upon a person who violates the internal-revenue laws the Treasurer can file a criminal complaint against him only when it is shown that the party has been allowed a reasonable period within which to pay such fine and has failed to do so.

The facts are stated in the opinion.

*Mr. Adrián Agosto* for appellant.

*Mr. Charles E. Foote,* solicitor, for appellee.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This case is very similar to one against the same person decided yesterday. The principal difference is that the articles offered for sale in this case were cigars and cigarettes while in that they were rum, beer, and wine.

It began in the municipal court of Carolina and was retried in the District Court of San Juan.

The complaint charges that defendant violated section 88 of the Internal-Revenue Law, without stating whether he dealt in goods by wholesale or retail. Actual sales are not charged in the complaint. The proceedings appear to have been set on foot by Paul Ruell, a revenue agent, whether with or without instructions from the Treasurer does not appear. While a complaint in the inferior courts does not require the accuracy and detailed statement usually employed in a formal information, it should certainly contain sufficient allegations to advise the accused of what may be the nature of the charge against him. (*People of Porto Rico* v. *Torrellas,* 10 P. R. R., 519.) In these respects the complaint was hardly sufficient to support the prosecution.

In regard to the judgment, which was rendered on the 15th of last August and from which this appeal was taken we find it also to be defective. It is difficult to ascertain therefrom what is the exact offense of which the defendant was convicted and its defects are not aided by a reference to the verdict or other parts of the record. Nor is it stated therein of what particular infraction of the revenue law the defendant was guilty. (See *White* v. *United States,* 164 U. S., 102; *Pointer* v. *United States,* 151 U. S., 396; *People* v. *Douglas,* 87 Cal., 281; 12 Cyc., 786.)

It appears from the record that the Treasurer in this case first imposed an administrative fine of $6.50 on the de-

fendant and afterwards proceeded against him in a criminal prosecution. This the Treasurer was authorized to do under the statute. But he can only resort to the courts in case payment of the administrative fine has not been made. (Sec. 23 of the Law of March 9 ,1905. Sess. Acts 1905, p. 173.) This provision implies that the delinquent shall have an opportunity of paying the fine. This he cannot enjoy without a notification in some manner of the amount required. No such notice appears from the record to have been given; at least not until after the prosecution was begun in the courts. Even in these small matters the accused is entitled to due process of law.

For these reasons and those stated in the decision of yesterday the judgment should be reversed and the prosecution dismissed.

*Reversed.*

· Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.