## El Pueblo *v.* Campos.

Apelación procedente de la Corte de Distrito de San Juan, Sección Segunda.

No. 392.—Resuelto en diciembre 21, 1911.

Derecho Penal—Infracción de las Leyes de Rentas Internas—Denuncia Insuficiente.—Es insuficiente una denuncia por infracción de Leyes de Rentas Internas en la cual no se alega si el denunciado era comerciante al por mayor o al detall ni se expresa que haya realizado ventas sin la correspondiente licencia, pues aunque una denuncia no ha de reunir todos los requisitos de una acusación, debe ser lo suficientemente explícita para que el denunciado quede informado del delito de que se le acusa.

Id.—Sentencia Insuficiente—Expresión del Delito.—Es insuficiente una sentencia condenatoria por infracción de las Leyes de Rentas Internas en la cual no se expresa el precepto concreto de las Leyes de Rentas Internas infringido, ni de la misma consta el delito por el cual se condena al acusado.

Id.—Multa Administrativa—Facultades del Tesorero.—El tesorero sólo puede denunciar criminalmente a un infractor de las Leyes de Rentas Internas, después de haberle impuesto una multa administrativa, cuando consta que se le ha dado un término razonable al multado para pagar dicha multa y ha dejado de satisfacerla.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Adrián Agosto.*

Abogado del apelado: *Sr. Charles E. Foote, Fiscal.*

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

Esta causa es muy parecida a la seguida contra la misma persona y que fué resuelta en el día de ayer. La principal diferencia consiste en que los artículos ofrecidos en venta fueron tabacos y cigarrillos, mientras que en el otro caso eran ron, cerveza y vino.

Se inició en la corte municipal de Carolina y fué celebrado nuevamente el juicio en la Corte de Distrito de San Juan.

Se alega en la denuncia que el acusado infringió el artículo 88 de la ley de Rentas Internas, pero no se expresa en la misma si traficaba al por mayor o al detall. No se hace tampoco especificación de determinadas ventas. Los procedimientos parecen haber sido comenzados por Paul Ruell, agente de rentas internas, no constando si éste tenía o nó

instrucciones del Tesorero. Aunque una denuncia en las cortes inferiores no tiene que ser tan perfecta y contener todos los requisitos de un acusación, sin embargo, debe ciertamente expresar suficientes alegaciones a fin de que el acusado quede informado de la naturaleza del delito cuya comisión se le imputa. (*El Pueblo de P. R.* v. *Torruellas,* 10 P. R. R., 519.) En estos particulares la denuncia apenas era suficiente para basar en ella el proceso.

Con respecto a la sentencia que fué dictada en 15 de agosto último y contra la cual se interpuso esta apelación, también la encontramos defectuosa. No aparece de la misma el verdadero delito del cual fué declarado culpable el acusado, no pudiendo subsanarse estos defectos por una referencia que se haga al veredicto u otras partes de los autos. Tampoco se expresa en dicha sentencia de qué infracción específica de la ley de rentas es culpable el acusado. (Véanse los casos de *White* v. *State,* 164 U. S., 102; *Pointer* v. *United States,* 151 U. S., 396; *People* v. *Douglas,* 87 Cal., 281; y 12 Cyc., 786.)

Aparece de los autos que en el presente caso, que el Tesorero impuso primeramente una multa administrativa de $6.50, al acusado y después procedió contra el mismo criminalmente. El Tesorero estaba autorizado para hacer esto de acuerdo con la ley. Pero él solamente puede acudir a las cortes cuando no se ha efectuado el pago de la multa administrativa. (Art. 23 de la ley de 9 de marzo de 1905; leyes de la sesión de 1905, pág. 269.) Esta prescripción de la ley significa que deberá dársele una oportunidad al acusado para pagar la multa, la que no puede aprovechar si no se le notifica de algún modo qué cantidad debe pagar. En los autos no consta que se le haya hecho tal notificación; por lo menos que se le hiciera hasta después de haberse llevado el asunto a los tribunales. Aun en estas cuestiones de pequeña importancia, el acusado tiene derecho a un debido procedimiento de ley.

Por estas razones, y por las expresadas en la resolución de ayer, debe revocarse la sentencia y desestimarse el caso.

*Revocada.*

Jueces concurrentes: Sres Presidente Hernández, y Asociados Wolf, del Toro y Aldrey.