THE PEOPLE, RESPONDENT, *v.* FERNÁNDEZ, APPELLANT.

APPEAL from the District Court of San Juan, Section 2.

No. 498.—Decided February 13, 1913.

CRIMINAL LAW—JUDGMENT IN CRIMINAL CASE.—A judgment in a criminal case should set out the offense of which the defendant was convicted either in terms or by reference to other parts of the record.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

*Messrs. Bosch & Soto* for appellant.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This case was brought in the Municipal Court of Bayamón, originating in an information sworn to by Jacob Marks, Internal Revenue Agent, charging Saturnino Fernández of the firm of Sucs. de José Fernández, the appellant herein, with an infraction of the Excise Law in that on October 7, 1911, he, the said Saturnino Fernández of the hereinbefore mentioned firm, wholesale dealers in wines and beer in the city of San Juan, did, in the town of Toa Alta of the Municipal Judicial District of Bayamón, illegally and fraudulently and with the intention of defrauding the Treasury of Porto Rico, sell wholesale through and by his employe, José Santos, from the stock of liquors of the said firm located in the town of Toa Alta, certain wines to the retail merchant, Justo Pérez, licensed to retail liquors at his store in the ward of Galateo of Toa Alta, P. R., the said firm of Sucs. de José Fernández having no license, as required by the Excise Law, to make such sales in the town of Toa Alta; thereby defrauding the Treasury of Porto Rico.

The second section of the District Court of San Juan before which this case came on appeal, tried the same on July 19, 1912, the date set for the hearing, and after considering the evidence found the accused guilty, sentencing him to pay a fine of $100 and costs; or, in default thereof, to undergo one day's imprisonment for each $5 of the fine and costs so imposed.

Against this sentence and on the said July 19, 1912, the accused, through his attorney, Francisco Soto Gras, filed notice of appeal to this court. In the record appear a statement of the case and bill of exceptions approved by the trial court. The appellant has also filed a brief herein.

One of the grounds alleged for this appeal may be found under number five, stating that the sentence lacks sufficiency.

The judgment and sentence of the court below, as appears on page 2 of the record, is as follows:

"JUDGMENT AND SENTENCE. No. 2821. *The People of Porto Rico* v. *Saturnino Fernández.* Violation of the Excise Law of Porto Rico. To-day, the 19th of July, 1912, being the day fixed for the trial of this case, both parties appeared with their respective attorneys and announced themselves ready for trial. The court, after hearing and considering the evidence introduced and admitted in due form, finds the accused guilty and imposes upon him a fine of $100 and costs, in default of payment of which he shall undergo one day's imprisonment for each $5 of such fine and costs that may remain unpaid."

This sentence is manifestly insufficient because it fails to determine the offense of which the accused has been found guilty. *The People* v. *Campos,* 17 P. R. R., 1144; *The People* v. *Campos,* 17 P. R. R., 1147.

A judgment in a criminal case should set out the offense of which the defendant was convicted either in terms or in such a manner that it may appear from other parts of the record. *Certum est quod certum reddi potest.* Both at common law and now usually by statute the judgment must state concisely and intelligibly the offense of which defendant was convicted. Where the judgment enables the elements and character of the crime to be ascertained by a reference to the indictment, where it contains a reference to the verdict returned against him, or speaks of his having been found guilty or convicted of a particular and specifically mentioned crime, the description of the crime is sufficient.

There is nothing in the judgment in this case referring directly or indirectly to any other part of the record. See the two cases cited above from 17 P. R. R., and *Sandy White* v. *State,* 164 U. S., 102; *Pointer* v. *United States,* 151 U. S., 396; *People* v. *Douglass,* 87 Cal., 281; also 12 Cyc., 786.

The *fiscal,* in his brief, as in oral argument, frankly confesses the error shown by the record and suggests a reversal of the judgment. For the reasons stated, the judgment should

be reversed and the cause remanded to the trial court for further proceedings consistent with this opinion.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.