## DEMETER v. UNITED STATES.
### No. 5640.

Court of Appeals of the District of Columbia.
Argued Feb. 13, 1933.
Decided May 29, 1933.

James Conlon, of Washington, D. C., for appellant.

Leo A. Rover and John W. Wood, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This appellant is a soldier discharged from the United States Army for disability incurred in the line of duty.

At the time of his discharge he had in force a policy of war risk insurance, entitling him to $10,000 in certain installment payments upon certain conditions.

In the course of pleading the plaintiff finally joined issue upon the defendant's third plea to the amended declaration, which denied that the plaintiff "became permanently and totally disabled on April 23, 1918, or at any time while said contract of insurance was in force."

His disability was caused by a falling timber in an unloading operation, which was so thrown or dropped from a truck as to strike him in the back while at work on the ground.

This occurred at Brownsville, Tex., on March 29, 1917, and on April 23, 1918, he was discharged from the army, for disability incurred in the line of duty rendering him unfit to perform the duties of a soldier.

The contract of insurance expired on May 31, 1918, so that the issue here presented is whether before that time plaintiff was totally and permanently disabled from following continuously any substantially gainful occupation within the meaning of the war risk insurance acts.

This issue the jury found against him, and from the judgment of the Supreme Court of the District of Columbia, based on their verdict, we have this appeal, with 13 assignments of error, 9 of which deal with rulings on the evidence, and 4 relate to prayers granted or denied.

Except for 3 depositions, the basis for assignment No. 7, all of the evidence upon which errors are assigned was documentary, from the files of the Veterans' Bureau, and, in accordance with D. C. Supreme Court rule 76, was summarized by the court's commissioner of veterans' affairs.

It was stipulated between counsel that the Commissioner's report, containing that summary, or any part thereof, might be offered in evidence with the force and effect of the records and papers so summarized, subject to objection by either party as to relevancy, materiality, or competency.

Assignment 1. The plaintiff introduced in evidence, without objection by the defendant, the report of a board of medical officers made April 8, 1918, finding that plaintiff was incapacitated from performing the duties of a soldier; that his incapacity did not exist prior to his enlistment; was incurred in the line of duty; that the degree of disability was one fourth; and recommending his discharge for disability incurred in line of duty.

He then offered in evidence a similar report of another board, dated March 17, 1918, making similar findings and recommendations, but stating the degree of disability as one half. This was ruled out by the court on objection, and since the question was whether plaintiff was permanently and totally disabled from following continuously any gainful occupation, and not whether he was one-half or one-fourth disabled to perform the duties of a soldier, which was what the medical board found, and a very different matter, both in fact and in law, we think the evidence offered was immaterial and properly rejected.

Assignment 2 is to the refusal of the court to admit in evidence a statement of his case sworn to by plaintiff in 1918, before a summary court officer. This was plainly self-serving, besides which plaintiff testified in person to the same effect in court at the trial, and the earlier statement was properly rejected.

The third assignment is to the exclusion of two statements similarly sworn to by soldiers detailed with him at the time of his injury, and relating to the accident. These statements were not depositions and were not competent evidence, but it seems from the record that the facts as to which they were offered were not disputed.

The fourth assignment is to the exclusion of plaintiff's sworn claim for compensation, which is not war risk insurance, but which was self-serving and inadmissible.

Assignment 5 is to denial of an attempt to read from the Commissioner's summary a quotation from plaintiff's discharge, but, while the bill of exceptions shows no such ruling on the point, it does appear therefrom that the discharge itself was in evidence in full.

Number 6 is to exclusion of a paper from the Treasury Department, Bureau of War Risk Insurance, notifying plaintiff that he was awarded $30 a month disability compensation to continue during total disability. This ruling was not error, for it is settled law that total disability for purposes of compensation differs greatly from total disability for insurance, and the expression used in the paper in question was likely to mislead the jury.

Number 7 is to the admission of depositions of Drs. McIntosh, Hanson, and DeBerry on the grounds that the depositions were superseded by the Commissioner's summary, and that to read both operated to corroborate the evidence of these doctors. But the stipulation provided only that the summary might be used, in lieu of the depositions, not that it must be so used.

Number 8 concerns the competency of certain records of medical examinations of plaintiff from the files of the Veterans' Bureau, on the ground that they are hearsay. Their source being stipulated, we believe them admissible, under the authorities, as exceptions to the hearsay rule, as government records kept by government officials in the regular course of duty.

Appellee's prayers numbered 6, 8, 9, and 11, the basis of assignments 9, 10, 11, and 12, correctly state the law as we understand it.

Assignment 13 is to admission of a deposition tending to prove that appellant had worked for some time in a Texas town, under an assumed name. Plaintiff gave as his ex-

planation that it was a case of mistaken identity and why. The question thus became one for the jury.

The conclusions stated are thought to be supported by the following authorities: Evanston v. Gunn, 99 U. S. 660, 25 L. Ed. 306; White v. U. S., 164 U. S. 100, 17 S. Ct. 38, 41 L. Ed. 365; Burgoyne v. U. S., 61 App. D. C. 97, 57 F.(2d) 764; U. S. v. Balance, 61 App. D. C. 226, 59 F.(2d) 1040; McInerney v. U. S. (C. C. A.) 143 F. 729, 736; U. S. v. Golden (C. C. A.) 34 F.(2d) 367, 369; Runkle et al. v. U. S. (C. C. A.) 42 F.(2d) 804; U. S. v. Cole (C. C. A.) 45 F. (2d) 339; Third National Bank v. U. S. (C. C. A.) 53 F.(2d) 599; Wigmore on Evidence, vol. 3, §§ 1633, 1639, 1675a.

The judgment is affirmed.

Affirmed.