**PAUL T. STONE, Inc., v. METZLER.**

**No. 7003.**

United States Court of Appeals for the
District of Columbia.
Argued March 14, 1938.
Decided April 25, 1938.

Bolitha J. Laws and Julian I. Richards, both of Washington, D. C., for .appellant.

Mark P. Friedlander and Robert I. Silverman, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

PER CURIAM.

Suit was , brought in the Municipal Court by Metzler (appellee) against Stone (appellant) upon an alleged oral agreement under which Metzler claimed he was entitled to recover from Stone $545 for

services in securing a contract for building a house. The evidence shows that Mr. and Mrs. Kennard wished to acquire a dwelling house in Washington and that they negotiated with Metzler, as broker, for the purchase of a particular lot which they desired; that the· purchase of the lot was to be dependent·upon securing a contract for the building of a· house like one which had been recently constructed by Stone, a building contractor. Metzler entered into preliminary negotiations with Stone for the construction of the house and subsequently a building contract was entered into between the Kennards and Stone at and for the price of $7,950. Upon the completion of the house and the payment of the contract price Metzler demanded from Stone $545 as compensation due him for securing the contract. On the trial Metzler testified that by verbal agreement with him Stone had included $545 as a part of the proposed contract price and was .to collect and pay that amount to Metzler as his compensation. Stone testified that· the contract price ultimately agreed on represented the actual cost ·of construction, plus his builder's profit, and that he had made no agreement with Metzler to pay him any part thereof. To sustain his case Metzler offered and the court below received in evidence over Stone's objection and exception a certain paper containing figures written thereon by Metzler showing a rough tabulation of the cost price of the house, which included an item, "Profit—$545." Metzler testified that the figures were written by him in his own office at a time when Stone was present, but did not testify that Stone knew that he had written them or had .seen them or that they were at any time called to Stone's attention. On the trial the paper was introduced as substantive evidence to support Metzler's testimony of the agreement and not merely for the purpose of refreshing Metzler's memory. It was some days subsequent to the making of this memorandum that the contract between Stone and the Kennards was executed, and there is nothing to show that the Kennards, who retained Metzler, knew anything about this alleged agreement with Stone.

We gather from the rather meager statement of the evidence that it is Metzler's contention that the item of $545, which he says was included in the contract price, was to be his profit and not Stone's

profit, and this upon the ground that the contract for the building of the house originally was to have been executed between Metzler and the Kennards. As it turned out, the house was built under a contract between Stone and the Kennards, but whatever may have been the original intention of the parties in that respect, we think it perfectly clear that the written memorandum was wrongfully admitted in evidence. We have said several times that a memorandum made by a witness may be referred to by him to refresh his memory where he has no distinct recollection of the facts recorded, or the date of the occurrence. But where the memorandum does not appear to be one as to which the party against whom it is offered has knowledge and is wholly for the purpose of corroborating the evidence of the writer it is inadmissible. Gurley v. MacLennan, 17 App.D.C. 170, 180; Sechrist v. Atkinson, 31 App.D.C. 1; Rudd v. Buxton, 41 App.D.C. 353, 358; Gunning v. Cooley, 58 App.D.C. 304, 306, 30 F.2d 467.

In the circumstances the case must be reversed and remanded to the Municipal Court for a new trial in accordance with this opinion.

Reversed and remanded.