**WEIMANN et al. v. SHEPPARD.**

**No. 189.**

Municipal Court of Appeals for the
District of Columbia.

June 6, 1944.

Arthur F. Carroll, Jr., of Washington, D. C. (James O'Donnell, Jr., of Washington, D. C., on the brief), for appellants.

Herman Miller, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

In a trial without a jury plaintiff was awarded judgment for a broker's commis-sion for the sale of real estate. Defendants appeal.

The controversy centered principally around the question as to whether defendants, as owners of the property, had authorized a sale for $19,000. Appellee claimed that they had, and the uncontradicted evidence was that he had procured a purchaser, ready, able, and willing to buy at that figure. Defendants insisted that they had consistently refused to authorize a sale at that price and had indeed refused to sell at any price until they had first secured another home for their occupancy.

1. Appellants charge error in the admission of a listing card. The card was dated February 23, 1942, contained a description of the property, authorized sale at $23,500 and was signed by defendant Fritz H. Weimann. Plaintiff testified that in May 1943, Fritz Weimann verbally authorized him to sell for $19,000 and that thereafter, out of the presence of defendants, he made a notation on the card as follows: "Price May/43 $19000. to pay full Comm." Plaintiff offered the card in evidence without the notation just mentioned. It was received over defendants' objection, the trial judge stating that the notation was not to be considered as evidence and that the listing card "was not offered as having contained the said notation." This was not error. Being a memorandum of which the adverse party had no knowledge, that part of the card was inadmissible to corroborate the testimony of plaintiff.[1] It could of course have been used by plaintiff to refresh his recollection, but it was not used for that or any other evidentiary purpose. The listing card was offered by counsel and received by the judge with the express understanding that the notation would be no part of the evidence. We need not speculate as to what further precaution would have been necessary to keep it from the eyes of the jury if the trial had been by jury. It is sufficient to say that the forbidden words and figures were never received or considered by the trial judge.

2. Appellants urge reversal on the ground that the finding was not sustained by the weight of the evidence, was contrary to the evidence, and was plainly

---

[1] Paul T. Stone, Inc., v. Metzler, 68 App.D.C. 359, 98 F.2d 231; Gurley v. MacLennan, 17 App.D.C. 170; Sechrist v. Atkinson, 31 App.D.C. 1; Rudd v. Buxton, 41 App.D.C. 353; Gunning v. Cooley, 58 App.D.C. 304, 30 F.2d 467.

wrong. The record discloses sharp conflicts in the evidence concerning the plaintiff's authority, or lack of it, to sell for $19,000. There was one admission by defendant Fritz Weimann that he had at one time told plaintiff that if he acquired a certain farm in near-by Maryland he "might take a contract for $19,000." But the record also contains bristling denials by both defendants that they had ever authorized a sale at that price. It also contains repeated and unequivocal statements that they would not under any circumstances sell this property until they had a new home to occupy. It was in fact some five months after the May episode that another agent found a home for them and also found a purchaser (not the prospect plaintiff had produced) who bought this property for $20,500. Defendants paid that agent his full commission.

For the plaintiff there were two witnesses—himself and the prospect he had produced. For the defendants there were five witnesses. From these and other circumstances it may seem that on paper the defendants had made the stronger showing. But the case was not tried on paper. It was presented by articulate witnesses whom the trial court could see and hear and judge, as we cannot. We are therefore controlled by the following language in the very recent case of Nolan v. Werth, App.D.C., 142 F.2d 9.

"* * * the evidence was such that either one of two different conclusions might reasonably have been drawn from it, and in such a case we have said time and again the decision is for the trial court; that its judgment must stand and that the appellate court may not reweigh the evidence or override the findings, except where it clearly appears they are manifestly wrong. In the case we have here it is enough to say, as the Supreme Court said in Lawson v. United States Mining Co., 207 U.S. 1-12, 28 S.Ct. 15, 52 L.Ed. 65, that if the testimony is not sufficient to show that the trial court's decision is necessarily right, it wholly fails to show that it is necessarily wrong, * * *."[2]

It follows that we have no legal basis for disturbing the finding.

Affirmed.

[2] See also Yellow Cab Company v. Sutton, D.C.Mun.App., 37 A.2d 655.