**PROWANT v. BURKE et al.**

No. 1228.

Municipal Court of Appeals
District of Columbia.

Argued June 30, 1952.

Decided July 25, 1952.

Rehearing Denied Aug. 14, 1952.

Daniel L. O'Connor, Washington, D. C., for appellant.

Herman Miller, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant sued for rent overcharges under the District of Columbia Emergency Rent Act.[1] She contended that she had paid $200 per month rent, which amount admittedly exceeded the rent ceiling. Appellees contended that the $200 monthly payments represented $100 monthly rent and $100 monthly installments on the purchase of furniture in the rented premises. Appellees relied on two written instruments executed at the time appellant took possession. One instrument purported to be a lease providing for rent at $100 per month. The other purported to be a conditional sale agreement for the sale of the furniture for a total price of $6,000 payable $100 a month.

The substance of appellant's testimony was that appellees asked $200 a month rent for the furnished house and she agreed to pay it, but appellees told her that as this figure exceeded the rent ceiling it would be

1. Code 1940, Supp. VII, § 45–1610.

necessary, in order to "protect" appellees, that two papers be drawn, one relating to the house and the other to the furniture. Appellant's position was that the purported conditional sale of the furniture was strictly a sham, that neither she nor appellees intended a sale of the furniture and that the agreement was that she would return the furniture to appellees at the end of the tenancy. Appellees contended that the conditional sale agreement represented a bona fide transaction.

We have referred to appellees jointly. They are father and daughter. The legal title to the real estate was in the daughter's name but he was the actual owner of both the real estate and the furniture. The daughter did not appear as a party to the written instruments but by agreement between her and her father appellant made many of the $200 monthly payments to the daughter. The father testified he had books and records relating to the transaction and the payments but, although appellant had issued a subpoena for them, he produced none of them. At the close of the evidence the father, at the instance of his counsel, produced and offered in evidence what purported to be an unsigned copy of his Federal income tax return for the year in which the transaction originated. This return would indicate that he had reported for tax purposes the conditional sale of the furniture. Appellant objected to it on the ground that it was a self-serving declaration which even if admissible should be offered in the form of a certified copy of the original from the Bureau of Internal Revenue. The court overruled this objection and received the paper in evidence.

The trial court found that the lease and conditional sale contract were executed in good faith and did not constitute a scheme for circumvention of the rent act, and accordingly entered judgment for appellees.

Appellant's sole assignment of error relates to the admission of the copy of the income tax return. We think the paper was clearly inadmissible. The only purpose in offering it was to corroborate the witness' testimony that a conditional sale of the furniture actually occurred. It was an attempt to prove the truth of the witness' testimony by showing he had made prior consistent statements. It was nothing more than a self-serving declaration.[2] From all that appears it may well have been advantageous from a tax viewpoint to report the payments as installment sale receipts rather than rent receipts. The tax return tended to prove no issue in the case and should not have been admitted.[3]

Appellees argue that the admission of the tax return, even if error, was not prejudicial and reversible error. This is probably so but we cannot be certain of it. There was evidence from which the court could have found that the whole transaction was exactly as it purported to be, but there was also evidence from which the court could have found that the transaction was a scheme and device to avoid the rent act. Whether the tax return tipped the scales in favor of appellees we of course do not know. We do know that appellees thought this evidence material for they persisted in offering it over strenuous objection and over such objection the court received it. Under these circumstances we must order a new trial.

Reversed with instructions to grant a new trial.

2. See Paul T. Stone, Inc. v. Metzler, 68 App.D.C. 359, 98 F.2d 231; Demeter v. United States, 62 App.D.C. 208, 66 F.2d 188; United States v. Balance, 61 App. D.C. 226, 59 F.2d 1040; Carlston v. Shenson, 47 Cal.App.2d 52, 117 P.2d 408.

3. Even had the tax return been admissible it would seem that the reception of the unsigned copy violated the best evidence rule. Greenbaum v. United States, 9 Cir., 80 F.2d 113, 126; Corliss v. United States, 8 Cir., 7 F.2d 455, 458.