**BARKLEY BROS., Inc., a corporation, Appellant,**

v.

**Avon SHOCKEY, Appellee.**

No. 1689.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 27, 1955.

Decided Nov. 4, 1955.

James T. Barbour, Jr., Washington, D. C., with whom Charles D. Sanger, Jr., Washington, D. C., was on the brief, for appellant.

H. Max Ammerman, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Suit was brought by Avon Shockey, a licensed real estate broker, claiming a commission for the sale of a house. The case was submitted to the trial court on a stipulation and deposition and resulted in a judgment for plaintiff for $1,250. This appeal followed, assigning as error the finding that plaintiff was the procuring cause of the sale.

Defendant corporation, a builder of homes, had completed the house in question and was offering it for sale. This was ev-idenced by a sign on the premises containing its name, address, and telephone number. In August 1954, Lawrence J. Casey, a licensed real estate salesman for the plaintiff, saw the house while making a survey of the area for his clients, the Sloans, who were the ultimate purchasers. He visited the property and after looking it over, talked to Otho Barkley, an officer of the defendant corporation, explained that he was a salesman for plaintiff, and without disclosing the identity of his clients, requested permission to show the house. Casey testified that Otho Barkley granted his request, quoted a price of $29,950, and promised him a commission if he sold the house. Casey testified that he showed the house to his clients but did not obtain an offer, written or oral, from them, and further stated that he showed them other houses in order that they could form a basis of comparison. He continued to talk to them about the house and testified that they exhibited interest as late as the first week in September. On October 14, 1954, the Sloans bought the property directly from the defendant through Otho Barkley for $25,000. The forgoing is the substance of the entire testimony.

Defendant argues that based on the evidence, which was undisputed, there was no basis in fact for the court's finding that plaintiff was the procuring cause of the sale. With this we cannot agree. Defendant cites many state cases which in substance hold that where the broker fails to disclose a prospective purchaser to the owner and the property is later sold by the owner to this prospective purchaser, the agent has no right of recovery for his commission. But the rule in this jurisdiction is well established that where a customer has been interested by a broker in a particular property and thereafter consummates the transaction by completing negotiations directly with the owner, the broker may be regarded as the procuring cause of the sale, even though the owner is ignorant of it at the time and notwithstanding that he sells the property at a price and up-

on terms different from those mentioned to the broker.[1]

■■ We have ruled in accordance with general authority that whether the broker is the procuring cause of the sale is ordinarily a question for the trier of the facts.[2] In our opinion, based on the evidence before the trial court, there was ample justification for the finding that the efforts of the plaintiff were in fact the procuring cause of the sale.

Affirmed.

1. Bryan v. Abert, 3 App.D.C. 180; Sechrist v. Atkinson, 31 App.D.C. 1; Simms v. Booth, 42 App.D.C. 263; Lady v. Realty Associates, Inc., D.C.Mun.App., 31 A.2d 875.

2. Rieffer v. Hollingsworth, D.C.Mun.App., 52 A.2d 632; Webster v. Perper, D.C. Mun.App., 83 A.2d 433; Zellan v. Winston, D.C.Mun.App., 108 A.2d 163.