Argued 10 March, decided 28 March, 1904.

## EX PARTE STACEY.

[75 Pac. 1060.]

HABEAS CORPUS — SCOPE OF INQUIRY.

1. In a habeas corpus proceeding to inquire into the cause of an imprisonment the only question that can be considered is whether the proceedings under which the petitioner is held are absolutely void, and unless they are so, the writ must be denied.

HABEAS CORPUS — PRESUMPTION OF REGULARITY.

2. The return to a writ of habeas corpus being traversable in this State, it is presumed, in the absence of a showing to the contrary, that all legal proceedings therein referred to were regular.

HABEAS CORPUS — SUFFICENCY OF INFORMATION AFTER TRIAL.

3. The sufficiency of the charge on which a prisoner was tried cannot be inquired into on habeas corpus, since that matter was properly determinable by the trial court, and its decision can be reviewed only by appeal.

From Multnomah: ALFRED F. SEARS, JR., Judge.

Habeas corpus to inquire into the cause of the imprisonment of Bert Stacey. The prisoner was remanded and appeals.          AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. P. C. Dormitzer.*

For respondent there was a brief over the names of *Andrew M. Crawford,* Attorney-General, *John Manning,* District Attorney, and *Arthur C. Spencer,* with an oral argument by *Mr. Crawford.*

MR. CHIEF JUSTICE MOORE delivered the opinion.

This is a special proceeding to inquire into the cause of the imprisonment of Bert Stacey. A writ of habeas corpus having been issued and directed to W. A. Storey, as Sheriff of Multnomah County, he, as a return thereto, cer-

tified that Stacey had been convicted in the circuit court of that county of the crime of robbery, and, having been sentenced to imprisonment in the penitentiary for the term of two years, was committed to his custody, to be taken to the place of incarceration, setting out a copy of the judgment in pursuance of which he held the prisoner, whom he also produced. The return not having been controverted in any manner, the court proceeded to examine into the facts stated therein, and, having concluded that the restraint was legal, remanded the prisoner, from which judgment he appeals.

It is contended by his counsel that the information under which he was convicted is fatally defective, and, this being so, the court erred in not discharging him from custody. The bill of exceptions does not contain a transcript of the information, but respondent's brief sets out what purports to be a copy thereof, as follows:

Bert Stacey is accused by the District Attorney of the Fourth Judicial District of the State of Oregon, for the County of Multnomah, by this information, of the crime of robbery, committed as follows: The said Bert Stacey on the 24th day of December, A. D. 1902, in the County of Multnomah and State of Oregon, then and there being, did then and there unlawfully and feloniously take, steal, and carry away a certain watch, of the value of $40, of the personal property of one H. F. Copland, from the person of said H. F. Copland, and against his will, by violence to his person, and by assault then and there made by him, the said Bert Stacey, upon the said H. F. Copland, and by putting him, the said H. F. Copland, in fear of some immediate injury to his person, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.

This information is based on a violation of the following provision of the statute: "If any person, not being armed with a dangerous weapon, shall by force and violence, or by assault, or by putting in fear of force and violence or

assault, rob, steal, or take from the person of another any money or other property which may be the subject of larceny, such person, upon conviction thereof, shall be punished by imprisonment in the penitentiary not less than one nor more than five years": B. & C. Comp. § 1769. It is argued by appellant's counsel that the element of force prescribed by the statute is omitted from the information, which charges violence and fear of violence, and, as the accusation must be direct and certain, as it regards the particular circumstances of the crime charged, when they are necessary to constitute a complete crime (B. & C. Comp. § 1306), the theft of the watch could only have been accomplished either by violence, " or " by fear of violence, but the averment that it was taken by violence "and " by fear of violence contravenes the express provision of the statute, and that the particular circumstances of the crime charged are so repugnant as to render the information fatally defective.

1. Whether the point insisted upon would be sufficient on appeal to reverse the judgment, it is not necessary to inquire, but on a writ of habeas corpus the only question to be considered is whether or not the judgment, or the commitment issued thereunder, is void : *Ex parte Tice*, 32 Or. 179 (49 Pac. 1038). In *Barton* v. *Saunders*, 16 Or. 51 (16 Pac. 921, 8 Am. St. Rep. 261), Mr. Chief Justice Lord, discussing this subject, says : " Errors or irregularities which render proceedings voidable merely the writ of habeas corpus cannot reach, but only such defects in substance as render the process or judgment absolutely void." In *Ex parte Watkins*, 28 U. S. (3 Pet.) 193, Mr. Chief Justice Marshall says: "An imprisonment under a judgment cannot be unlawful, unless that judgment be an absolute nullity ; and it is not a nullity, if the court has general jurisdiction of the subject, although it should be erroneous."

2. The circuit courts of this State have exclusive original jurisdiction of all felonies committed therein: Const. Or. Art. VII, § 9; *State* v. *Gardner*, 33 Or. 151 (54 Pac. 809). The bill of exceptions does not disclose that Stacey interposed a plea of not guilty to the information, but, as the return to a writ of habeas corpus is traversable in this State (B. & C. Comp. § 640), if such plea was not entered it was his duty to show that fact, and, not having done so, it will be presumed that the court had jurisdiction of his person: *Ex parte Howe*, 26 Or. 181 (37 Pac. 536).

3. In *Ex parte Harlan*, 1 Okl. 48 (27 Pac. 920), it was held that, where the trial court acquired jurisdiction of the subject-matter of an indictment and the person of the accused, the judgment of the court on the question whether the indictment sufficiently charged the crime of perjury can only be reviewed on appeal or writ of error, and habeas corpus will not lie. In deciding the case, Mr. Chief Justice GREEN, speaking for the court, says: "As the trial court had jurisdiction of the subject-matter of the indictment and of the person of the petitioner, it was a question of law for that court to determine whether or not the facts averred in the indictment constituted the crime of perjury; and, if the trial court erred in its judgment upon that question, such error can only be corrected by appeal, or writ of error, in this court, and not by writ of habeas corpus." The question whether the facts averred in the information render it vulnerable to a demurrer cannot be considered except on appeal, and, if any error was committed in this respect, the judgment was only voidable, and not void, and, this being so, habeas corpus will not lie to correct it. It follows that the judgment must be affirmed, and it is so ordered.                    AFFIRMED.