Argued February 9, decided February 17, 1914.

## Ex Parte FOSTER.

(138 Pac. 849.)

**Habeas Corpus—Grounds for Relief—Authority for Detention.**

1. Under Section 628, L. O. L., providing that persons restrained by virtue of the judgment or decree of a competent tribunal or by virtue of an execution on such judgment or decree shall not be allowed to prosecute the writ of *habeas corpus,* Section 641, providing that it shall be the duty of the court or judge forthwith to remand the party if it shall appear that he is legally detained in custody under an execution or decree of any competent court or of any execution on such judgment or decree, and that the time during which he may be legally detained has not expired, and Section 643, providing that no court or judge on the return of a writ of *habeas corpus* can inquire into the legality or justice of any order, judgment, or process specified in Section 628, no relief may be had by *habeas corpus* unless the order or process on which the petitioner is detained is utterly void.

[As to release of prisoner under *habeas corpus* after judgment and sentence, see note in 87 Am. St. Rep. 167. And see note in 55 Am. St. Rep. 267.]

**Habeas Corpus—Nature of Remedy—Sentence for Crime—"Indeterminate Sentence."**

2. Under Section 1592, L. O. L., as amended by Laws of 1911, page 173, Section 7, providing that whenever any person is convicted of a crime for which the maximum punishment is a definite term of years in the penitentiary, the court shall, unless it impose other sentence than a sentence to the penitentiary, sentence him to imprisonment without limitation of time, stating the minimum and maximum penitentiary penalty, which sentence shall be known as an indeterminate sentence, and Section 1920, providing that assault and robbery, being armed with a dangerous weapon, shall be punished by imprisonment in the penitentiary for not less than ten years or during the natural life, provided that the minimum punishment shall be exercised only where in the judgment of the court leniency should be shown, and sentence for assault and robbery, being armed with a dangerous weapon, "for an indeterminate sentence as provided by law for said crime" is not void so as to entitle the accused to *habeas corpus.*

**Habeas Corpus—Nature and Remedy—Authority for Detention.**

3. Where the court of general jurisdiction having authority over defendant and the subject matter of the charge against him imposes a punishment of the kind and at the place provided by law, though exacting the term limited by statute, he cannot be discharged on *habeas corpus* till he has performed so much of the sentence as the court had power to impose.

From Marion: WILLIAM GALLOWAY, Judge.

In Banc.    Statement by MR. JUSTICE BURNETT.

The petitioner, Frank Foster, was convicted in the Circuit Court of Douglas County on his plea of guilty

of the crime of assault and robbery, being armed with a dangerous weapon. It was thereupon "ordered and adjudged by the court that the said Frank Foster be confined in the penitentiary of the State of Oregon at Salem, and there kept a prisoner for an indeterminate sentence, as provided by law for said crime. * * " Having been incarcerated in the penitentiary on this sentence, the prisoner sued out a writ of *habeas corpus*, contending that he was unlawfully deprived of his liberty. The then superintendent of the penitentiary to whom the writ was directed made return that he had Foster in his custody by virtue of the judgment of the Circuit Court already quoted. The Circuit Court of Marion County which issued the writ dismissed the same on hearing a demurrer to the return, and the petitioner appeals. WRIT DISMISSED.

For petitioner there was a brief over the names of *Mr. William P. Lord* and *Mr. Dan E. Powers,* with an oral argument by *Mr. Lord.*

For the State there was a brief over the names of *Mr. Andrew M. Crawford,* Attorney General, and *Mr. J. A. Benjamin,* Assistant Attorney General, with an oral argument by *Mr. Benjamin.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. The record shows that the defendant was indicted for the crime mentioned in December, 1911, and that he was sentenced January 9, 1912. The penalty provided for the felony in question is imprisonment in the penitentiary for a period of not less than ten years or during the natural life of such person so convicted; provided, however, that the minimum punishment shall be exercised only in those cases where in the judgment of the court leniency should be shown. Section 1920,

L. O. L.   It is prescribed in Section 1592, L. O. L., as amended by Laws of 1911, page 173, as follows:

"Whenever any person is convicted of a crime for which the maximum punishment is a definite term of years in the penitentiary the court shall, unless it impose other sentence than a sentence to serve a term in the penitentiary, sentence such person to imprisonment in the penitentiary without limitation of time, stating in such judgment and sentence the minimum and maximum penitentiary penalty for such crime, as provided by law, which said sentence shall be known as an indeterminate sentence. * * *"

The contention of the petitioner is that the Circuit Court had no authority or power to impose upon the defendant in the criminal action the indeterminate sentence, and hence that his detention is utterly unlawful, entitling him to immediate liberation by *habeas corpus.*   It is said in Section 628, L. O. L., that "persons imprisoned or restrained by virtue of the judgment or decree of a competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued upon such judgment or decree," shall not be allowed to prosecute the writ.

Again, it is stated in Section 641, L. O. L.:

"It shall be the duty of the court or judge forthwith to remand such party if it shall appear that he is legally detained in custody, * * by virtue of the judgment or decree of any competent court of civil or criminal jurisdiction, or of any execution issued upon such judgment or decree; * * and, that the time during which such party may be legally detained has not expired."

Section 643, L. O. L., reads thus:

"But no court or judge, on the return of a writ of *habeas corpus,* has power to inquire into the legality or justice of any order, judgment, or process specified in section 628. * * *"

69 Or.—21

It is settled law in this state that, unless the order or process upon which the petitioner is detained shall appear to be utterly void, no relief can be had under the writ: *Ex parte Tice,* 32 Or. 179 (49 Pac. 1038); *Ex parte Stacey,* 45 Or. 85 (75 Pac. 1060); *Harrington* v. *Jones,* 53 Or. 237 (99 Pac. 935). It is stated in *People ex rel.* v. *Liscomb,* 60 N. Y. 559, 571 (19 Am. Rep. 211), as follows:

"If the process is valid on its face, it will be deemed *prima facie,* and the prisoner must assume the burden of impeaching its validity by showing a want of jurisdiction. Error, irregularity or want of form is no objection; nor is any defect which may be amended or remedied by the court from which it issues. If there was no legal power to render the judgment or decree, or issue the process, there was no competent court, and consequently no judgment or process. All is *coram non judice* and void."

2. The question to be determined is whether the judgment quoted is absolutely void or merely erroneous. It was decided in *Martin* v. *District Court,* 37 Colo. 110 (86 Pac. 82, 119 Am. St. Rep. 262), that a prisoner sentenced under an indeterminate sentence law for a crime committed before such law went into effect was detained by a judgment which was not void, but at most only voidable, and so could not have the benefit of *habeas corpus.* It was further held in the same case that even where the judgment is wholly void, a defendant will not, except in extraordinary cases, be released from imprisonment on *habeas corpus* if appropriate relief can be worked out by a writ of error or appeal.

3. The weight of precedents is to the effect that, where a court of general jurisdiction having authority over the person of a defendant and the subject matter of the charge against him imposes upon him a punishment of the kind and at the place provided by law,

nevertheless exceeding the term limited by statute, he cannot be discharged on *habeas corpus* until he has performed so much of the sentence as the court had power to pronounce: *In re Bishop,* 172 Mass. 35 (51 N. E. 191); *In re Sellers,* 186 Mass. 301 (71 N. E. 542); *Ex parte Mooney,* 26 W. Va. 36 (53 Am. Rep. 59); *De Bara* v. *United States,* 99 Fed. 942 (40 C. C. A. 194); *Ex parte Davis* (C. C.), 112 Fed. 139; *In re Belt,* 159 U. S. 95 (40 L. Ed. 88, 15 Sup. Ct. Rep. 987); *In re Swan,* 150 U. S. 637, 648 (37 L. Ed. 1207, 14 Sup. Ct. Rep. 225); *In re O'Neill,* 143 Cal. 634 (77 Pac. 660, 101 Am. St. Rep. 138); *Perry* v. *Pernet,* 165 Ind. 67 (74 N. E. 609, 6 Ann. Cas. 533); *In re Petty,* 22 Kan. 477; *In re Nolan,* 68 Kan. 796 (75 Pac. 1025); *In re Butler,* 138 Mich. 453 (101 N. W. 630); *In re Fanton,* 55 Neb. 703 (76 N. W. 447, 70 Am. St. Rep. 418); *Ex parte Von Vetsera,* 7 Cal. App. 136 (93 Pac. 1036); *Ex parte Chase,* 18 Idaho, 561 (110 Pac. 1036). In brief, where there is an excessive sentence, or the language designating the term of imprisonment is inaccurate when compared with the terms of the statute, the judgment is not void, but merely erroneous or voidable, affording no relief by *habeas corpus.*

The following cases cited in the brief of the petitioner are distinguishable from the one in hand. In the case of *In re Nielsen,* 131 U. S. 176 (33 L. Ed. 118, 9 Sup. Ct. Rep. 672), the defendant had been sentenced for a crime included in another crime for which he had been already convicted and had suffered the penalty. He was released on the ground that no man could be punished twice for the same offense. In *Ex parte Tice,* 32 Or. 179 (49 Pac. 1038), the Circuit Court was attempting to hold the defendant after he had been once in jeopardy upon the accusation under which he was detained. For this reason he was discharged, because the court has no jurisdiction in such cases.

*In re Bonner,* 151 U. S. 242 (38 L. Ed. 149, 14 Sup. Ct. Rep. 323), was a case where the defendant was sentenced to imprisonment in the penitentiary under a statute which provided only for a jail sentence. It was held to be illegal and beyond the jurisdiction of the court to inflict upon the defendant a punishment of a kind different from that prescribed in the statute. In *Ex parte Harris,* 8 Okl. Cr. 397 (128 Pac. 156), the defendant was indicted for one crime and convicted of a totally different crime. It was held that the court had no authority to sentence him on the verdict because it was not based upon any indictment or other lawful accusation. In *Ex parte Dickson* (Nev.), 133 Pac. 393, the petitioner had entered a plea of guilty of petit larceny upon an indictment by virtue of which he could be convicted of nothing but grand larceny. For reasons analogous to those stated above, it was held that the court had no authority to inflict any penalty upon him. It was tantamount to punishing him for larceny on an indictment charging him with arson. In *People* v. *Liscomb,* 60 N. Y. 559 (19 Am. Rep. 211), an attempt was made to impose cumulative punishment upon a defendant on an indictment containing different counts for the same crime, and, because the counts were held to be merely statements of the same accusation in various forms, the authority to inflict such punishment was held to be entirely wanting; the exercise of the same being in effect the infliction of double punishment for the same offense. In the case at bar the Circuit Court had jurisdiction of the person and of the subject matter; that is to say, it had the defendant in custody on an indictment charging him in proper form with a public offense, and so had the right to try that kind of a case. It had authority to inflict upon him the punishment of imprisonment in the penitentiary. It has not inflicted upon him any

other punishment. If an appeal had been taken, the utmost that could have been done for the defendant would have been to remand the cause to the Circuit Court for a proper sentence. The most that can be said of the judgment of the Circuit Court is that it is merely erroneous. It is by no means certain that the language of the judgment is anything more than an inartificial statement of the maximum penalty prescribed in the statute. The law says that one convicted of the crime mentioned shall suffer imprisonment in the penitentiary ''for a period of not less than ten years or during the natural life of such person so convicted.'' It is within the purview of good common sense to say that the words of the statute find a near equivalent in the language of the sentence that the defendant be kept a prisoner in the penitentiary ''for an indeterminate sentence as provided by law for said crime,'' for his span of life is ''indeterminate'' beyond human ken.

At most, this is a mere clerical error which during the term of court at which judgment was rendered could have been corrected, on motion of either the state or the defendant, or could have been remedied on appeal. The authorities are unanimous that the writ of *habeas corpus* cannot be used as a writ of error or instead of an appeal. The conclusion is plain that the writ does not lie in this case.

The judgment of the Circuit Court is affirmed, and the prisoner is remanded to the custody of the superintendent of the penitentiary.     WRIT DISMISSED.

MR. CHIEF JUSTICE McBRIDE not sitting.