Argued July 6, affirmed July 25, 1916.

# LONG v. MINTO, Warden of Penitentiary.

### (158 Pac. 805.)

**Habeas Corpus—Right to Bring—Lawfully Imprisoned Convicts.**

1. Under Sections 627, 628, 631, 641, L. O. L., abolishing every other writ of *habeas corpus* than the writ of *habeas corpus ad subjiciendum*, and excluding persons imprisoned or restrained by virtue of the judgment of a competent tribunal of criminal jurisdiction from the right to prosecute such writ, the writ cannot be used to determine whether a person lawfully confined in the penitentiary is entitled to talk privately with an attorney, but such right, if it exists, must be asserted in some other proceeding.

**Criminal Law—Commitment—Signing by Judge.**

2. Since Sections 582, 584, 591, 1578, 1593, 1594, L. O. L., relating to journal of Circuit Courts and commitment of convicted prisoner, do not direct the circuit judge to sign the journal or the commitment, he is not required to do so to render a commitment legal.

**Criminal Law—Judgments—Form—Oral.**

3. A judgment is given by the act of the court in pronouncing sentence upon a person convicted of a crime.

> [As to effect of judgments in criminal cases as *res judicata*, see note in 103 Am. St. Rep. 418.]

**Criminal Law—Judgments—Memorial.**

4. A memorial of the court's judgment is made when the clerk under Section 1578, L. O. L., performs the ministerial act of writing the entry in the journal.

**Habeas Corpus—Petition for Writ—Form.**

5. Writ of *habeas corpus* will not issue where the petition does not conform to the requirements of Section 630, L. O. L., as to contents of petition for writ.

From Marion: William Galloway, Judge.

Department 2. Statement by Mr. Justice Harris.

Upon the petition of Tom Garland, an attorney acting for A. M. Long, the circuit judge allowed a writ of *habeas corpus*. The petition alleges that Long is unlawfully imprisoned, and that "the illegality thereof consists of" a demand made by the petitioner upon the deputy warden, who was in charge of the penitentiary in the absence of the warden, and a refusal of the dep-

uty warden to allow Long to have "a private interview within said penitentiary with his attorney Tom Garland, stating at said time he did not object to the presence of a guard or other official or the use of a fine wire mesh screen, but provided, however, that the said officer or guard be not close enough to hear what was said between said A. M. Long and his said attorney." Continuing, the petition recites:

"That said warden or deputy warden, acting as warden and said board of control, were informed that said private interview, as above set forth, was for the necessary protection and welfare of said A. M. Long and was for no unlawful or illegal purpose. That the aforesaid refusal to allow a private interview with his attorney is an illegal restraint of the liberty of said A. M. Long. * * Your petitioner further alleges that such imprisonment and restraint is not by virtue of any order, judgment, decree, or process of any court. * * "

The petition concludes with a prayer that A. M. Long "may be restored to his liberty and from the restraint imposed upon him in this particular, to wit, so far that he may have a private interview with his attorney Tom Garland."

The return to the writ shows that A. M. Long has been confined in the penitentiary since December 30, 1914, pursuant to a judgment rendered in the Circuit Court for Multnomah County adjudging him guilty of the crime of larceny in a dwelling-house and sentencing him to imprisonment in the penitentiary for an indeterminate period of not less than one year nor more than seven years. A copy of the commitment held by the warden is annexed to the return. The return recites three rules promulgated by the board of control. These rules require the warden to see that persons, who may have business about the prison, have

no communication of any kind with any prisoner, ''except by authority and in the presence of an officer'';
and visitors must be accompanied by an officer or employee of the prison . while visiting within the cell-houses or within the walls of the prison.   The return contains other averments not material here, and then concludes by alleging that:

''All confidential communications between the prisoners and attorneys in the presence of any officer or guard are deemed and treated as privileged communications.''

The replication admits that the warden holds the paper which the answer recites as the commitment, but the petitioner assails the commitment by alleging that the paper is illegal, for the reason that the circuit judge never signed any judgment or order of commitment.

The trial court sustained a demurrer ''to the new matter contained in the reply,'' and, ''said A. M. Long having elected to stand upon said writ of *habeas corpus* allowed and the reply made to the return,'' a final judgment was rendered dismissing the proceeding, and the petitioner then appealed.        AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Thomas L. Garland.*

For respondent there was a brief and an oral argument by *Mr. George M. Brown,* Attorney General.

MR. JUSTICE HARRIS delivered the opinion of the court.

1. Both the allowance of the writ of *habeas corpus* and the procedure governing its prosecution are regulated by statute.   We read in Section 627, L. O. L., that

"the writ of·*habeas corpus ad subjiciendum* is the writ herein designated, and every other writ of *habeas corpus* is abolished''; and the same section expressly states that every person imprisoned or restrained of his liberty, "except in the cases specified in the next section, may prosecute a writ of *habeas corpus* according to the provisions of this chapter, to inquire into the cause of such imprisonment or restraint, and if illegal, to be delivered therefrom." The next provision of the Code (Section 628, L. O. L.) states that:

"The following persons shall not be allowed to prosecute the writ: * * (2) Persons imprisoned or restrained by virtue of the judgment * * of a competent tribunal of * * criminal jurisdiction. * * "

The exception specified by Section 628 is further emphasized in Section 631, L. O. L., where we find that upon the filing of a proper petition the writ must be allowed without delay, "unless it appears from the petition itself, or from the documents annexed thereto, that the person for whose relief it is intended is by the provisions of this chapter prohibited from prosecuting the writ." And, finally, Section 641, L. O. L., provides that:

"It shall be the duty of the court or judge forthwith to remand such party if it shall appear that he is legally detained in custody: * * (2) By virtue of the judgment * * of any competent court * * of criminal jurisdiction. * * "

All forms of the writ of *habeas corpus* have been abolished by statute, except the single one named in Section 627. The allowance of the writ and its prosecution are regulated by statute. The right to prosecute the writ is open to any person whose liberty is restrained if he is not imprisoned or restrained by a judgment of a competent court of criminal jurisdiction.

If it appears from the writ that the person is one of those excluded by the statute, then the writ cannot be allowed; or, if the court subsequently finds that the person for whose relief the writ is intended is one of those who are prohibited from prosecuting the writ, then the proceeding must be dismissed and the party remanded.

2–5. The return to the writ contains a copy of the paper which has been called the commitment. The replication admits that the warden holds the commitment, but the petitioner claims that it is not a legal commitment, because neither the journal of the Circuit Court where the judgment was rendered nor the commitment itself was signed by the circuit judge. The petitioner, however, cannot successfully maintain his contention. The judge is not required to sign the journal of the Circuit Court, nor is it his duty to sign the commitment. The records of the Circuit Court include a journal: Section 582, L. O. L. The "journal" is defined by Section 584, L. O. L., as a book "wherein the clerk shall enter the proceedings of the court during term time, and such proceedings in vacation as this Code specially directs." Section 591, L. O. L., makes the clerk the custodian of the records and files of the court. A judgment is given by the act of the court in pronouncing sentence upon a person convicted of a crime, and when the judgment is given "the clerk must enter the same in the journal, stating briefly the crime for which the conviction has been had * * ": Section 1578, L. O. L. The authority for the execution of a judgment like the one involved here is likewise found in the Code. Section 1593, L. O. L., provides that:

"When a judgment, except of death, has been pronounced, certified copy of the entry thereof upon the journal must be forthwith furnished by the clerk to

the officer whose duty it is to execute the judgment; and no other warrant or authority is necessary to justify or require its execution.''

We read in Section 1594, L. O. L., that:

''When the judgment is imprisonment in the penitentiary, the sheriff must deliver the body of the defendant, together with a copy of the entry of judgment, to the keeper of such prison.''

The judgment is rendered when the judge performs the judicial act of pronouncing sentence, and a memorial of that judgment is made when the clerk performs the ministerial act of writing the entry in the journal: 23 Cyc. 835. The judge does his duty when he renders the judgment. The clerk discharges his duty when he enters the judgment in the journal. Having entered the judgment, the clerk gives a certified copy of the entry to the sheriff, who then delivers the body of the defendant, ''together with a copy of the entry of judgment, to the keeper of such prison.'' Every step required by statute was taken from the time of the conviction until the delivery to the keeper of the prison. There is no statute directing the circuit judge to sign the journal or the commitment, and, in the absence of such a statute, he is not required to sign the journal or the commitment; and therefore the Circuit Court ruled correctly in sustaining the demurrer to the new matter in the replication: 23 Cyc. 850. The commitment in the hands of the warden is supported by an active and operating judgment of a competent court of criminal jurisdiction, and consequently A. M. Long is a person who, in the plain and unambiguous language of Section 628, L. O. L., ''shall not be allowed to prosecute the writ.'' Moreover, the writ should not have been allowed because on no theory does the petition comply with Section 630, L. O. L.

The writ of *habeas corpus* cannot be used to determine whether a person who is lawfully confined in the penitentiary is entitled to talk privately with an attorney. If a convict when in prison has the right claimed by the petitioner, it cannot be enforced by a writ of *habeas corpus,* but must be asserted in some other proceeding.

The judgment of the Circuit Court is affirmed.

AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCBRIDE and MR. JUSTICE BEAN concur.