Argued March 19, reversed and remanded April 2, 1918,

## In Re SHAW.

## Ex Parte MACK.

(171 Pac. 896.)

**Courts—Municipal Courts—Statutes.**

1. Laws of 1913, page 732, abolishing Justice Courts in the city of Portland, does not affect or withdraw the jurisdiction of a justice of the peace conferred on the municipal court by Portland City Charter 1903 (Sp. Laws 1903, p. 131), Section 329, giving such court the authority of a justice of the peace.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Department 2.

George Shaw was arraigned before the municipal judge of the City of Portland, sitting as an *ex-officio* justice of the peace, upon a complaint charging him with the crime of vagrancy as defined in Chapter 95, Laws 1911. Having entered a plea of not guilty, he was tried and, upon a judgment of conviction, was committed to the custody of the sheriff of Multnomah County under sentence of imprisonment in the county jail for a period of 180 days. His attorney, Carl Mack, then filed in the Circuit Court a petition for a writ of *habeas corpus* wherein he assigns two grounds upon which he contends that Shaw was unlawfully restrained of his liberty. These are: (1) That the act denouncing the offense charged against petitioner's client expressly gives exclusive jurisdiction thereof to Circuit and Justice's Courts; that the legislature abolished Justice's Courts in the City of Portland by the act found in Chapter 355, Laws 1913, and that therefore there can be no *ex-officio* justice of the peace within the city; (2) that the complaint does not state facts sufficient to constitute an offense. Upon a hear-

ing in the Circuit Court the prisoner was discharged from custody, the decision being based upon the insufficiency of the complaint. The state appeals.

REVERSED AND REMANDED.

For the State there was a brief over the names of *Mr. Walter H. Evans,* District Attorney, *Mr. George Mowry,* Deputy District Attorney, and *Mr. John A. Collier,* Deputy District Attorney, with an oral argument by *Mr. Mowry.*

No appearance for respondents.

BENSON, J.—1. Considering petitioner's contentions in the order in which he presents them, it may be said that in 1903 the legislature enacted a charter for the City of Portland of which Section 329, in part, reads as follows:

"Said municipal court shall have jurisdiction of all crimes defined by ordinances of the City of Portland * * and shall likewise have, within the City of Portland, the jurisdiction and authority of a justice of the peace and committing magistrate, and shall be subject to all the general laws of the state prescribing the duties of a justice of the peace and the mode of performing them, except as herein otherwise provided."

The jurisdiction thus conferred has never been withdrawn and whatever may be the effect of the act of 1913 as to the abolition of Justice Courts, *eo nomine,* there is nothing in the act which is inconsistent with this grant of jurisdiction and petitioner's contention utterly fails.

As to the proposition that the complaint does not state facts constituting a crime, it suffices to say that in *Ex parte Stacey,* 45 Or. 85, 88 (75 Pac. 1060), this court speaking through Mr. Justice MOORE, says:

"The question whether the facts averred in the information render it vulnerable to a demurrer cannot be considered except on appeal, and, if any error was committed in this respect, the judgment was only voidable, and not void, and, this being so, *habeas corpus* will not lie to correct it."

The rule as here announced was reiterated in *Ex parte Foster,* 69 Or. 319 (138 Pac. 849). The judgment is therefore reversed and the cause remanded for such further proceedings as may be deemed necessary and not inconsistent with this opinion.

                         REVERSED AND REMANDED.

McBRIDE, C. J., MOORE and McCAMANT, JJ., concur.