## EX PARTE JACK WESSENS.

(175 Pac. 73.)

**Habeas Corpus—Pleading and Issues.**

1. On *habeas corpus* the issue arises on the sufficiency of the return, which, under Section 648, L. O. L., may be controverted by demurrer or by reply.

**Indictment and Information—Constitutional Provisions—Application.**

2. Article VII, Section 5, of the Constitution, as amended by the initiative process in November, 1910, providing that no person shall be charged with crime in the Circuit Court except upon indictment found by grand jury, has no reference to such a complaint as may be made before a circuit judge, as a magistrate, with a view of holding the accused to answer at a subsequent term of the Circuit Court.

**Habeas Corpus—Demurrer to Return.**

3. A statement in a return in *habeas corpus* that a proceeding resulting in commitment of the petitioner was carried on before a magistrate must be accepted as true on demurrer.

**Criminal Law—Accusations Before Magistrate.**

4. It is not necessary that an accusation before a magistrate be reduced to writing.

**Criminal Law—Accusations Before Magistrate.**

5. A magistrate may hold a defendant to answer for whatever crime the evidence taken before him disclosed, whether it be an offense named in the written or oral charge or not.

**Habeas Corpus—Commitment.**

6. Where the body of an instrument showed that it was a commitment by a circuit judge as committing magistrate, accused is not entitled to discharge on *habeas corpus* merely because the instrument is headed, "In the Circuit Court of the State of Oregon for the County of C."

[As to when the refusal of the writ of *habeas corpus* is justifiable, see note in 67 Am. Dec. 395.]

Original proceeding in Supreme Court.

In Banc.

Claiming to be unlawfully imprisoned by the sheriff of Clatsop County, the petitioner obtained a writ of *habeas corpus* from this court, commanding the officer to state the cause of the detention, in pursuance of which the latter made return to the effect that on September 4, 1918, in Clatsop County, Oregon, the petitioner was accused before the circuit judge of that county, sitting as a magistrate, of the crime of unlawful gaming, by an information, a copy of which is annexed to the petition herein and made a part of the return by reference. It is further stated by the sheriff, in substance, that at said hearing, on consideration of the proofs, the magistrate found that the petitioner here had committed a crime designated as "indecent and immoral acts not otherwise made punishable," ordered that he be held to answer therefor, fixing the bail in the sum of $100, and thereupon issued to the sheriff a commitment in the form prescribed by Section 1797, L. O. L., which is set out in the return and will be more fully noticed hereafter. It is also stated that the defendant has not given bail. The matter was heard before us on demurrer to this return.

DEMURRER OVERRULED.

For petitioner there was a brief over the name of *Messrs. Norblad & Hesse,* with an oral argument by *Mr. Frank C. Hesse.*

For the State there was a brief and an oral argument by *Mr. George M. Brown,* Attorney General.

BURNETT, J.—1. On *habeas corpus* the issue arises on the sufficiency of the return. It may be contro-

verted by demurrer or by reply: Section 648, L. O. L.; *Merriman* v. *Morgan,* 7 Or. 68.

2. A circuit judge is a magistrate: Section 1735, L. O. L. The argument of the petitioner at the hearing of the demurrer was that the complaint upon which the circuit judge acted was entitled "In the Circuit Court of the State of Oregon for the County of Clatsop" and amounted to charging the defendant therein named in the Circuit Court otherwise than upon an indictment by the grand jury, which he contends is violative of Article VII, Section 5, of the Constitution as amended by the initiative process in November, 1910. It is said 'therein that, "no person shall be charged in any Circuit Court with the commission of any crime or misdemeanor defined or made punishable by any of the laws of this state except upon indictment found by a grand jury." The "charge" there meant is one upon which the person accused may be put upon trial and convicted by final judgment. It has no reference to such a complaint as may be made before a magistrate with a view of holding the accused to answer at a subsequent term of the Circuit Court. The constitutional amendment was designed to dispense with prosecution by information as authorized by the act of February 17, 1899, and codified as Chapter IV of Title XVIII, B. & C. Comp.

3. The return says that the proceeding resulting in the commitment of the petitioner was carried on before a magistrate. On demurrer this must be accepted as true. It matters not that the magistrate happened to be a circuit judge.

4–6. It is not necessary under our statute that the accusation before a magistrate be reduced to writing: *Hannah* v. *Wells,* 4 Or. 249; *Malheur County* v. *Carter,* 52 Or. 616 (98 Pac. 489). It is lawful, also, for such

an officer to hold the defendant to answer for whatever crime the evidence taken before him disclosed, whether it be an offense named in the written or oral charge or not. In other words, having before him an individual charged with a crime, either orally or otherwise, the magistrate may hold him to answer for whatever offense is established by the evidence, and we apprehend that he has a right to consider the real substance of the charge without reference to whether it was adorned with the title of any court or not. The same principle applies to the commitment itself. It appears upon the face thereof to be issued and signed by. a magistrate, for it is subscribed, "J. A. Eakin, Circuit Judge and Committing Magistrate." It is issued in the name of the State of Oregon to the sheriff of the county of Clatsop and recites in the words of the form indicated by the statute:

"An order having been this day made by me that" the defendant, naming him, "be held upon a charge of having committed indecent and immoral acts, you are therefore commanded to receive him in your custody and detain him until legally discharged. * * "

It is true that this commitment is entitled, "In the Circuit Court of the State of Oregon for the County of Clatsop"; this, however, is not matter of substance. The efficacy of the document is found in the body thereof and we would not be justified in discharging the prisoner merely because the officer issuing the writ had put upon it an erroneous label.

The principle is that: "The court will not, in ordering a writ of *habeas corpus,* inquire into the legality or justice of the mandate under which the petitioner is held, if it is not defective in matter of substance": *People ex rel.* v. *Mensching,* 187 N. Y. 8 (79 N. E. 884,

10 Ann. Cas. 101, 10 L. R. A. (N. S.) 625); *In re Milecke,* 52 Wash. 312 (100 Pac. 743, 132 Am. St. Rep. 968, 21 L. R A. (N. S.) 259); *Ex parte Robinson* (Fla.), 75 South. 604 (L. R. A. 1918B, 1148); *Ex parte Stacey,* 45 Or. 85 (75 Pac. 1060); *Ex parte Foster,* 69 Or. 319 (138 Pac. 849); *Long* v. *Minto,* 81 Or. 281 (158 Pac. 805). Taking the whole return as true, as we must on the demurrer, it appears that the sheriff holds the petitioner by virtue of a commitment issued by a magistrate and substantially conforming to the Code, as against the objection urged. The demurrer is therefore overruled.          DEMURRER OVERRULED.

---

'Argued July 23, affirmed September 24, 1918.