Submitted on brief by appellant January 28, reversed and remanded March 17, 1925.

## STATE v. GEORGE CHANDLER.

(234 Pac. 266.)

**Criminal Law—Circuit Court has Jurisdiction of Every Offense Committed and Triable Within County, in Absence of Statute to Contrary.**

1. Circuit Court has jurisdiction of every offense committed and triable within county, in absence of statute to contrary.

**Criminal Law—Circuit Court Held to have Jurisdiction to Try Misdemeanors Consisting of Violation of Water Code.**

2. Circuit Court *held* to have jurisdiction to try misdemeanor consisting of violation of Section 5711, Or. L., being a part of the Water Code, in view of Sections 2411, 2411—1, 2412, and 5767, despite Section 5712, also a part of such Code.

---

See (1) 16 C. J. 151.   (2) 16 C. J. 151.
1. See 8 R. C. L. 98.

From Lake: J. M. BATCHELDER, Judge.

In Banc.

REVERSED AND REMANDED.

For appellant there was a brief over the name of
*Mr. T. S. McKinney*, District Attorney.

No appearance for respondent.

RAND, J.—The grand jury of Lake County re-
turned into the Circuit Court an indictment charg-
ing the defendant with a criminal violation within
that county of the provisions of Section 5711, Or. L.
Upon a bench warrant issued out of that court the
sheriff arrested the defendant and brought him be-
fore the court for trial. The defendant demurred to
the indictment upon the ground that the Circuit Court
had no jurisdiction of the offense charged in the in-
dictment. The court sustained the demurrer and
from a judgment for the defendant on the demurrer
to the indictment, the state appeals.

Section 5711, Or. L., provides: "Any person who
shall willfully open, close, change or interfere with
any lawfully established headgate or water-box with-
out authority, or who shall willfully use water or con-
duct water into or through his ditch which has been
lawfully denied him by the water master or other
competent authority, shall be deemed guilty of a mis-
demeanor. The possession or use of water when
the same shall have been lawfully denied by the water
master or other competent authority shall be *prima
facie* evidence of the guilt of the person using it."
Section 5767, Or. L., provides the penalty that shall
be imposed for a violation of any of the provisions
of the act, of which both sections are a part, in

these words: "All violations of the provisions of this act, declared herein to be misdemeanor(s), shall be punished by a fine not exceeding $250 nor less than $10, or by imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment."

1. This cause was submitted here without argument and no brief was filed on behalf of the defendant. We are therefore at a loss to understand his position, but it is stated in the brief filed on behalf of the state that the Circuit Court sustained the demurrer upon the ground that, under the provisions of Section 5712, Or. L., Justices' Courts are given exclusive jurisdiction to try the offense with which the defendant is charged. That section provides: "The water master, or his assistants, within his district shall have power to arrest any person or persons violating any of the provisions of this act and turn them over to the sheriff or other competent police officer within the county; and immediately upon delivering any such person so arrested into the custody of the sheriff, it shall be the duty of the water master making such arrest to immediately, in writing and upon oath, make complaint before the proper justices of the peace against the persons so arrested."

2. The section last referred to authorizes the water-master or any of his assistants to arrest, without a warrant, a person found violating the provisions of Section 5711 and to place him in the custody of the sheriff or some other competent officer within the county, and when this is done makes it mandatory upon the water-master or his assistant immediately to make complaint on oath before a proper justice of the peace charging the person so arrested with the commission of the offense for which the arrest

was made. These sections are all a part of what is commonly known as the ''Water Code,'' and this code contains various sections creating and defining offenses, all of which are declared by the statute to be misdemeanors. There is nothing in the sections alluded to or in the act itself which limits or restricts the power of the Circuit Court to hear and determine the guilt of a person charged with the violation of any of the provisions of the act or conferring upon a justice of the peace jurisdiction to try a person thus charged. The last section alluded to does not declare whether the justice before whom the complaint is made shall act as a committing magistrate or shall have jurisdiction to try and determine the guilt of the party accused. There is therefore nothing in the act which in any way affects the jurisdiction of the Circuit Court to try a person accused of a violation of any of the provisions of the act.

The jurisdiction of Justices' Courts in criminal actions is conferred by Sections 2411, 2411—1 and 2412 and by certain special statutes defining offenses and conferring upon Justices' Courts jurisdiction to try persons for a violation of that particular statute. There is no section of the statute which confers such jurisdiction upon a Justice's Court for the particular offense here involved. Section 2412 is a general statute conferring jurisdiction upon Justices' Courts to try misdemeanors where the punishment prescribed shall not exceed three months' imprisonment in the county jail or a fine of not more than $100. This case does not come within the provisions of that section. The maximum penalty which may be imposed under the statute involved here is a fine not exceeding $250 or imprisonment in the county jail not exceeding

six months or both such fine and imprisonment. This case, therefore, does not come within the general jurisdiction conferred by Section 2412 upon Justices' Courts to try misdemeanor cases "where the punishment prescribed shall not exceed three months imprisonment in the county jail or a fine of not more than $100," nor is it within the provisions of either Sections 2411 or 2411—1.

The reason for the conclusion reached in *Nicklas* v. *Rathburn,* 69 Or. 483, 487 (139 Pac. 567), where it was held that the Circuit Court had jurisdiction over the offense charged, is applicable here. In the absence of some statute depriving the Circuit Court of jurisdiction that court has jurisdiction of every offense committed and triable within the county. It had jurisdiction of the particular offense with which the defendant was charged, and for that reason the judgment of the Circuit Court is reversed and the cause will be remanded with directions to overrule the demurrer.

REVERSED AND REMANDED WITH DIRECTIONS.