Submitted on brief by appellant and argued by respondent January 12, affirmed February 8, *motion to recall mandate allowed and judgment corrected* March 29, 1927.

## GRACE BOYER WILCOX v. JOHN H. BISHOP.

(252 Pac. 963.)

**Adoption—Failure to Serve Child Welfare Commission in Adoption Proceedings Held not to Render ₐProceedings Void (Or. L., § 9766, as Amended by Laws 1921, p. 429).**

1. Adoption proceedings *held* not rendered void by failure to serve Child Welfare Commission as specified by Section 9766, Or. L., as amended by Laws of 1921, page 429; such failure being mere irregularity.

**Habeas Corpus—Habeas Corpus is not Proper Remedy to Reach Irregularities in Exercise of Jurisdiction.**

2. *Habeas corpus* is not proper remedy to reach errors or irregularities occurring in exercise of jurisdiction, but is available only when process, judgment or decree attacked is absolutely void.

Adoption of Children, 1 C. J., p. 1389, n. 69 New, p. 1393, n. 49, p. 1394, n. 50.
Habeas Corpus, 29 C. J., p. 25, n. 4.

From Deschutes: T. E. J. DUFFY, Judge.

Department 2.

AFFIRMED.

For appellant there was a brief over the name of *Mr. E. O. Stadter.*

For respondent there was a brief and oral argument by *Mr. Ross Farnham.*

BELT, J.—This is a *habeas corpus* proceeding instituted by a mother to obtain custody of her minor daughter, named in the writ as Helen Dorothy Jackson Boyer. The child in question is an illegitimate offspring and was born in November, 1921. On June 20, 1922, the defendant John H. Bishop and his wife

2.  See 12 R. C. L. 1192.

Anna L. Bishop, now deceased, petitioned the County Court of Gilliam County to adopt the little girl in question, who was then only nine months old. The plaintiff, who at that time was named Grace Boyer, joined in the petition by making the following indorsement thereon:

"I, Grace Boyer, being first duly sworn, depose and say: That I am the mother of Helen Dorothy Jackson Boyer, and that Raymond Jackson is her father; that it is my wish that Anna L. Bishop and John H. Bishop adopt her; that I believe they will make her a good home and give her the proper care and education; and I hereby join in the foregoing petition which I have read and know the contents of."

On the same day that the petition was filed a decree of adoption was entered in accordance with the prayer of petitioners and the name of the child was changed to Helen Dorothy Bishop.

1. The sole contention on appeal is that the adoption proceedings were void in that there was a failure to serve a copy of the petition on the State Child Welfare Commission of Oregon as required by Section 9766, Or. L., as amended by Chapter 215, Gen. Laws Or. 1921, which, so far as material herein, provides:

"A copy of such petition, together with a statement containing the full names and permanent address of the petitioners, shall be served on the state child welfare commission of Oregon by serving the president or secretary thereof, by registered mail or by personal service, and no petition for adoption shall be granted by any court until said commission has been given twenty days from the date of filing of such petition in which it may file for the consideration of the judge before whom the petition for adoption is pending such information regarding the status of the child and evidence as to the suitability of the proposed

121 Or.—15

foster home as the child welfare commission shall desire to submit.''

2. We are of opinion that the failure thus to serve the Child Welfare Commission was a mere irregularity and does not render void the proceedings had. It is to be observed that the Welfare Commission is not here complaining. Indeed, under the terms of the above act it serves only in an advisory capacity and any information which it may ''file for the consideration of the judge before whom the petition for adoption is pending'' may be acted upon or rejected in his discretion. The statute does not authorize any appeal by the commission. Jurisdiction unquestionably was acquired over the subject matter and the parties, and, in this collateral attack on the decree, we can only inquire: Were the proceedings void? *Habeas corpus* does not reach errors or irregularities occurring in the exercise of jurisdiction. It will only serve when the process, judgment or decree attacked is absolutely void: *Ex parte Tice,* 32 Or. 179 (49 Pac. 1038); *Ex parte Stacey,* 45 Or. 85 (75 Pac. 1060); *Ex parte Foster,* 69 Or. 319 (138 Pac. 849); *Ex parte Jung Shing,* 74 Or. 372 (145 Pac. 637).

The decree of adoption was entered with the express approval and consent of the plaintiff—appellant herein—and she will not now be heard to complain.

The decree of the Circuit Court dismissing the writ is affirmed.

AFFIRMED. MOTION TO RECALL MANDATE ALLOWED.

BURNETT, C. J., and BEAN and BROWN, JJ., concur.