Submitted on briefs April 9, reversed July 2, 1929.

In Re Application of L. A. LOUNDAGIN.

(278 Pac. 950.)

For appellant there was a brief over the names of *Mr. I. H. Van Winkle,* Attorney General, and *Mr. J. B. Hosford,* Assistant Attorney General.

For respondent 'there was a brief over the name of *Mr. Willard H. Wirtz.*

BEAN, J.— ■ ■ It is well settled that unless it is made to appear that the judgment, or process, under which the person seeking his discharge is absolutely void, no relief can be had under a writ of *habeas corpus.* If the process is valid on its face, it will be deemed *prima facie* efficient, and the prisoner must assume the burden of impeaching its validity by showing a want of jurisdiction. Errors, or irregularities, which render proceedings voidable merely, the court cannot reach, but only such defects,

in substance, as render the process or judgment absolutely void: *Ex parte Tice,* 32 Or. 179, 182 (49 Pac. 1038); *Ex parte Foster,* 69 Or. 319, 322 (138 Pac. 849); *In re Application of Davis,* 118 Or. 693, 698 (247 Pac. 809); *Kelley* v. *Meyers,* 124 Or. 327 (263 Pac. 903, 56 A. L. R. 661).

The respondent's attack upon said judgment is based upon various grounds set out at length in his replication to the return of the writ, which, in substance, are as follows:

"1. That the circuit court of Umatilla county was without jurisdiction of the subject-matter or of the person of the said A. P. Loundagin at the time the purported judgment was rendered, and that at said time said court was not a competent court of either civil or criminal jurisdiction.

"2. That said judgment discloses upon the face thereof the following omissions on the part of the judge of said court: (a) that said judge failed and neglected at the time said A. P. Loundagin appeared in said court for arraignment without counsel, to inform said A. P. Loundagin that it was his right to have counsel before being arraigned, and that it does not appear from said judgment that the said judge asked the said Loundagin if he desired counsel, as required by section 1463, Or. L.; (b) that the said A. P. Loundagin was not informed by the court at the time of his arraignment that he might be allowed one day within which to plead to the information filed against him; (c) that no friend, guardian or parent of the said A. P. Loundagin was present in court at the time of his arraignment, and that the filing of the information, the arraignment of the said A. P. Loundagin, his plea of guilty, and the entry and pronouncement of judgment against him all occurred on the same day.

"3. That the said A. P. Loundagin, at the time said judgment of conviction was rendered against him,

was a minor of the age of 16 years, and that he was not first taken directly before the juvenile court of Umatilla county, or before any juvenile court, prior to being informed against and arraigned upon a felony charge in the circuit court, as provided in section 9812, Or. L.

"4. That no justice of the peace or police magistrate did transfer the case or charge against said minor to any juvenile court for action and disposition as provided in sections 9811 and 9812, Or. L., and that no juvenile court had made any order remanding said minor to the circuit court for trial upon said criminal charge, prior to the filing of the information, arraignment and conviction of said minor in the Umatilla county circuit court.

"5. That the officer who arrested the said minor informed said minor that if he should be taken before the juvenile authorities he would be sent to the boys' training school of the state until he reached the age of 21 years, while if he would plead guilty in the circuit court he would be sentenced to one year in the Oregon state penitentiary and thereafter could be released; that by means of said statements the officer induced the said minor to appear before the circuit court and plead guilty to the charge filed against him therein."

■ ■ The Circuit Court of the State of Oregon for Umatilla County had jurisdiction of the case in which the judgment was rendered: State Const., § 9, Art. VII; *Ex parte Stacey,* 45 Or. 85, 88 (75 Pac. 1060); *State* v. *Chandler,* 113 Or. 656 (234 Pac. 266); Or. L., §§ 9783–9818; *State* v. *Dunn,* 53 Or. 304, 308 (90 Pac. 278, 100 Pac. 258).

The theory of respondent is that the trial court was without jurisdiction to render the judgment for the reason that the defendant in the case alleged to be a minor, under eighteen years of age, was not first taken before any juvenile court, and for the

further reason that the circuit judge who pronounced judgment of conviction, failed to inform the defendant at the time of his arraignment of certain rights, which respondents assert are guaranteed by the laws and Constitution of the state to persons accused of crime.

Section 9 of Article VII of the state Constitution provides:

"All judicial power, authority, and jurisdiction not vested by this constitution, or by laws consistent therewith, exclusively in some other court, shall belong to the circuit courts; and they shall have appellate jurisdiction and supervisory control over the county courts, and all other inferior courts, officers and tribunals."

This constitutional provision was referred to by this court in *Ex parte Stacey,* 45 Or. 85, 88 (75 Pac. 1060, 1061), and was held to mean that:

"The circuit courts of this state have exclusive original jurisdiction of all felonies committed therein."

In *State* v. *Chandler,* 113 Or. 652, 656 (234 Pac. 266, 267), this court said:

"In the absence of some statute depriving the circuit court of jurisdiction, that court has jurisdiction of every offense committed and triable within the county."

It is clear that unless the juvenile courts are vested with exclusive jurisdiction of cases involving the commission of crimes by minors under the age of eighteen years the Circuit Courts of the state have ample power and jurisdiction to try such cases.

The respondent's contention seems to be that the Juvenile Court Law has deprived the Circuit Courts of such jurisdiction. The determination of this question necessitates a brief examination of the Juvenile

Court Law. Said statute will be found in Sections
9783 to 9818, Or. L. Sections 9801 and 9802, re-
spectively define "child dependency" and "child
delinquency," and provide that children of either sex
under the age of eighteen years, and otherwise coming
within the scope of said definition, shall be deemed
dependent or delinquent children, as the case may be.
Sections 9803 and 9804 specify the procedure by which
such children may be brought before the juvenile
court in order that the question of their dependency
or delinquency may be inquired into and determined
by said court. Section 9811, Or. L., as amended by
Chapter 100, General Laws of Oregon, 1923, provides
for the disposition of delinquent children by the court,
and amongst other things, authorizes the commitment
of such children to the state reform school or to any
other institution which may be established for the
care of delinquent children.

Section 9812, Or. L., directs, in part, that when
a child under the age of eighteen years is arrested,
with or without warrant, such child may, instead of
being taken before a justice of the peace or police
magistrate, be taken directly before the juvenile
court, or a justice of the peace may transfer the case
to the juvenile court.

Section 9816, as amended by Chapter 35, General
Laws of Oregon, 1921, provides as follows:

"Nothing in this act shall be construed to repeal
any portion of the criminal law of this state, nor of
any law concerning or affecting minors, except such
portions thereof as are in conflict with the provisions
of this act concerning the jurisdiction of the courts
of this state over the children coming within the
meaning of this act, and all such portions thereof are
hereby repealed; and in all commitments to institu-
tions, acts in reference to said institutions shall

govern the same, except as modified by this act. Whenever a child under the age of 18 years shall be convicted of any crime, the court in which such conviction is had may either impose the sentence provided by law, or may certify the conviction of said child to the juvenile court, which shall proceed against said child in the manner provided by section 9811, Or. L., as if said child had been adjudged a delinquent by said juvenile court, but the remanding of such child to the juvenile court shall operate only to suspend sentence, and in case said conviction be certified to the juvenile court, and such child be at any time again remanded to the court in which said conviction was had, such court may, during any term, impose upon such child the sentence provided by law."

Section 1583, Or. L., declares that:

"Final judgment against any minor under 16 years of age may be suspended on any conviction, charge, or prosecution for misdemeanor or felony, where, in the opinion of the court in which such proceeding is pending, there is a reasonable ground to believe that such minor may be reformed, and that a commitment to prison would work manifest injury in the premises. * * *"

The foregoing statutory provisions clearly indicate that the legislature did not intend that the juvenile act should deprive the Circuit Courts of the state of jurisdiction to try a minor under eighteen years of age accused of the commission of a felony. This is shown by Chapter 35, General Laws of Oregon, 1921, which expressly provides that whenever a child under eighteen years of age shall be convicted of any crime, the court, in its discretion, may either impose the sentence provided by law, or may certify the conviction of said child to the juvenile court, in which case the latter court may proceed against the child in the same manner as if said child had been ad-

judged a delinquent by said juvenile court. The Circuit Court of Umatilla County had jurisdiction of the subject matter of the information and of the person of the minor, A. P. Loundagin.

■ Under the provisions of Section 9816, Or. L., as amended by Chapter 35, General Laws of Oregon, 1921, the Circuit Court had authority to hear the case regardless of the age of the accused, and, in its discretion, either sentence the young man as provided by law or certify the conviction of the minor to the juvenile court. See *State* v. *Dunn,* 53 Or. 304, 308 (99 Pac. 278, 100 Pac. 258); *Hills et al.* v. *Pierce et al.,* 113 Or. 386, 390 (231 Pac. 652); 1 Bishop's Criminal Law (9 ed.), § 373A; 1 Wharton's Crim. Law (11 ed.), §§ 364, 365–375.

A criminal case against a minor may, under the statute, be transferred from the juvenile court to the Circuit Court or from the Circuit Court to the juvenile court, where the circumstances seem to warrant.

■ ■ The judgment of conviction pronounced upon the minor, A. P. Loundagin, was not void. The form of the judgment was sufficient: Section 1578, Or. L.; *State of Iowa* v. *Wood,* 17 Iowa, 19, 22; *White* v. *United States,* 164 U. S. 100 (41 L. Ed. 365, 17 Sup. Ct. Rep. 38); *Long* v. *Minto,* 81 Or. 281, 285, 286 (158 Pac. 805); *State* v. *Harvey,* 117 Or. 466, 476 (242 Pac. 440).

The remaining contention of the respondent is that the judgment of the Circuit Court of Umatilla County is void because it fails to show that the trial judge informed the minor, A. P. Loundagin, at the time of his arraignment, of certain rights which respondent claims are guaranteed to him by the Constitution and laws of the state. Respondent's chief grievance seems to be that the accused was not informed by the

court of his right to the aid of counsel, and was not informed that he might be allowed one day within which to plead to the information. The presumption is that the court fully informed A. P. Loundagin of all of such rights.

The respondent alleges in his replication that "it appears from the face of said order, judgment and sentence of said circuit court" that the judge of said court failed and neglected to inform the accused of certain rights, specified in said replication, but this statement is incorrect. The judgment is merely silent as to said matters. The law does not contemplate that the whole record and proceedings shall be carried into the judgment entry.

Section 1578, Or. L., specifies what a judgment upon conviction in a criminal case shall contain:

"When judgment upon a conviction is given, the clerk must enter the same in the journal, stating briefly the crime for which the conviction has been had; such entry may be made at any time during the term, as of the day's proceedings upon which the judgment was given." *State* v. *Wood,* 17 Iowa, 22.

It was also held that the lower court was presumed to have done its duty. In another Iowa case, *State* v. *Wells,* 46 Iowa, at page 666 of the report, the court in disposing of objections to the judgment in the case, said:

"The record does not show that, when the defendant was sentenced by the court, he was informed of the nature of the charge against him, of his plea and of the verdict, and was asked whether legal cause existed to suspend judgment against him, as required by Code, section 4503. Neither does it appear that this provision was not complied with; we are, therefore, to presume that the requirements of the statute, if applicable to this case, were obeyed by the court."

In *White* v. *United States,* 164 U. S. 100 (41 L. Ed. 365, 17 Sup. Ct. Rep. 38), the Supreme Court of the United States held that a record in a criminal case, which shows the indictment, arraignment, plea, trial, conviction, and recites that defendant having been convicted and being present in open court it was ordered by the court that he be imprisoned in a specified penitentiary for a specified period, shows a sufficient judgment for all purposes.

In *State* v. *Harvey, supra,* it was held that a defendant in a criminal case, although charged with the commission of a felony, may waive his constitutional rights, and that his failure to exercise such rights is deemed a waiver.

*Long* v. *Minto, supra,* was a collateral attack by *habeas corpus* upon a judgment of conviction in a criminal case. The replication admitted that the warden of the penitentiary was holding the prisoner under and by virtue of a judgment of the Circuit Court, and this court held that a judgment is given by the act of the court in pronouncing sentence upon a person convicted of a crime, and that when the judgment is given the clerk must enter the same in the journal, stating briefly the crime for which the conviction has been had (citing § 1578, Or. L.). The replication to the return was held to be demurrable and the writ of *habeas corpus* was dismissed.

We think there is no merit in the point raised by the respondent relative to the alleged suggestion made by the sheriff to the young man at the time of the arrest, as to the advantage of the latter being sent to the penitentiary rather than to the state reform school.

The judgment of the Circuit Court is reversed.

REVERSED.

The demurrer to the replication is sustained, the writ is dismissed and the prisoner, A. P. Loundagin, is ordered remanded to the custody of the superintendent of the penitentiary of the State of Oregon.

BROWN J., took no part in the consideration of this case.