Argued January 22, affirmed February 26, 1970

FRYE, *Respondent, v.* GLADDEN, *Appellant.*
465 P. 2d 716

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for appellant-cross-respondent. With him on the briefs were Lee Johnson, Attor-

ney General, and Jacob B. Tanzer, Solicitor General, Salem.

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for respondent-cross-appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

LANGTRY, J.

In 1933, when petitioner was 16 years old, he was convicted of first degree murder and sentenced to life imprisonment. He presently is a prisoner in Oregon State Penitentiary, although the record indicates there have been unsuccessful paroles. In 1967 he filed a petition in the trial court for post-conviction relief, alleging two grounds: (1) that written incriminating statements introduced at his trial were involuntary (*Jackson v. Denno,* 378 US 368, 84 S Ct 1774, 12 L Ed 2d 908, 1 ALR 3d 1205 (1964), and *State v. Brewton,* 238 Or 590, 395 P2d 874 (1964)), and (2) that he was denied his right of appeal because the county clerk refused to accept his notice of appeal without a filing fee, which he did not have, and because the prison authorities refused to allow him to mail a notice of appeal or contact friends, parents, or attorneys within appeal time.

The trial court held that he was denied his right of appeal, but that his statements were voluntary and inasmuch as the exhibits, including the statements, had been lost, a delayed appeal would avail nothing. Therefore, a new trial or dismissal was ordered. The state has appealed, alleging that it was error to grant

a new trial because the trial court's finding of voluntariness of the statements disposed of the only appealable issue shown by the record. The petitioner has cross-appealed, alleging the finding of voluntariness was error.

The trial court's finding that petitioner was denied his right to appeal provoked no claim of error. This appeal is resolved by deciding the question of voluntariness of the statements. The state says that if the trial court was correct on voluntariness, then, regardless of the loss of the statements (they were never read into the record, the transcript of which is available), the only question which could have been heard on an appeal has been decided adversely to petitioner, and there is no need for a new trial. Petitioner makes several arguments but we find them unnecessary to this opinion because we think petitioner is correct when he asserts that it was error to hold the statements were voluntary.

The petitioner was 16 years of age when arrested. His school teacher testified that he had attained the seventh grade; that he was slow in his responses. The record shows that after his arrest he was held in close custody and he was questioned by officers at night. When he gave a statement, the questioning would stop until the facts related in it had been checked out. Five written statements—apparently all of them decidedly incriminating—were taken between the time of his arrest on October 31 and November 2.

He was questioned by three police officers, the coroner and the district attorney. The last of the statements was taken on November 2, but the questioning continued intermittently through November. While the questioning proceeded, and in the intervals

between questioning, no friendly adult advisor saw petitioner, although he testified that he was well treated by the officers. He had been living with his mother, but she was not allowed to see him until several weeks after the arrest. There was testimony that he was advised of his rights, but he didn't have or see a lawyer for weeks after his arrest, and he did not see or have a hearing before a magistrate until he had been confined for a month. He was a juvenile, but never received the benefit of the juvenile law. The juvenile court statutes of Oregon at that time required that persons under 18 years of age, upon arrest, be taken before a juvenile court. § 33-630, OC 1930. The effectiveness of this statute had been construed away in *In re Application of Loundagin*, 129 Or 652, 278 P 950 (1929).

The five statements were received over objection. Upon receiving them, the judge said he would instruct the jury that in order to consider the statements they must first find them to have been made voluntarily. The transcript shows that no such instruction was given.

■ It is our duty to consider this evidence to determine whether the trial court's voluntariness ruling was correct.

"* * * Whether these historical facts as found are sufficient to sustain a finding of voluntariness which meets state and federal constitutional concepts of due process is another question, and one which falls within our proper scope of appellate review. The federal court also exercises this scope of review. *Clewis v. Texas*, 386 US 707, 87 S Ct 1338, 18 L ed2d 423, 426 (1967); *Davis v. North Carolina*, 384 US 737, 86 S Ct 1761, 16 L ed2d 895, 898-899 (1966); *Haynes v. Washington*, 373 US

503; 83 S Ct 1336, 10 L ed2d 513, 522 (1963); *Culombe v. Connecticut,* 367 US 568, 81 S Ct 1860, 6 L ed2d 1037, 1058-1059 (1961). In other words, we are not bound by a trial judge or jury's finding of voluntariness if we believe the historical facts upon which such finding is based are insufficient to meet constitutional standards of due process. This is pursuant to our duty to interpret constitutional standards and require conformance thereto." *Ball v. Gladden,* 250 Or 485, 487-88, 443 P2d 621 (1968).

Constitutional standards in somewhat similar fact situations were pronounced in *Haley v. Ohio,* 332 US 596, 68 S Ct 302, 92 L Ed 224 (1948), and *Gallegos v. Colorado,* 370 US 49, 82 S Ct 1209, 8 L Ed 2d 325 (1962). In *Gallegos,* where the incriminating statements of a fourteen-year-old led to his conviction of first degree murder, the court said:

"There is no guide to the decision of cases such as this, except the totality of circumstances that bear on the two factors we have mentioned. The youth of the petitioner, the long detention, the failure to send for his parents, the failure immediately to bring him before the judge of the Juvenile Court, the failure to see to it that he had the advice of a lawyer or a friend—all these combine to make us conclude that the formal confession on which this conviction may have rested (see *Payne v. Arkansas,* 356 US 560, 568) was obtained in violation of due process." 370 US at 55.

■ More authorities have been cited to us which discuss the questions here involved, but we think those quoted above control this case. The totality of the circumstances shown in the record we have leads us to conclude that due process of law was not afforded the petitioner and that the five statements should not have been received as evidence in his trial.

The trial court, therefore, was in error when it found the statements were voluntarily given, but it ordered a new trial or a release of the prisoner, which is the same disposition we make of the case under our holding, although for different reasons.

Affirmed.